In the Matter of the Claim of LEROY S. DEUBEL (DUEBEL), Respondent, against BUFFALO POTTERY, INC., et al., Appellants, and LIBERTY MUTUAL INSURANCE Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 24, 1954.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for appellants.

*John M. Cullen* for Special Funds, respondent.

*Nathaniel L. Goldstein, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* Appellants have been held liable for total disability payments to claimant, due to silicosis, subsequent to July 5, 1947. In response to a request that its decision include a provision for reimbursement from the Special Disability

Fund after 260 weeks, the Workmen's Compensation Board, in the decision appealed from, denied such reimbursement on the sole ground that no formal, written notice of the claim for reimbursement was filed, as provided in paragraph (f) of subdivision 8 of section 15 of the Workmen's Compensation Law.

Subdivision 8 of section 15, including paragraphs (d), (e) and (f), deal with second injury cases, and became a part of the Workmen's Compensation Law by chapter 872 of the Laws of 1945, effective April 1, 1945, and provided, under certain circumstances, for reimbursement from the Special Fund after 104 weeks. Paragraph (f) provided, in substance, that written notice of the claim for reimbursement must be filed with the board prior to a final determination that the disability is permanent, '' but in no case more than one hundred four weeks after the date of disability or death ''.

Prior to 1947 there was a ceiling of $7,500 for total disability or death in silicosis cases under article 4-A of the Workmen's Compensation Law. That article was repealed and the ceiling removed, and by chapter 431 of the Laws of 1947, effective July 1, 1947, paragraph (ee) of subdivision 8 of section 15 was added to cover cases involving silicosis and dust diseases. It provides for the payment in the first instance by the employer or carrier of all compensation or death benefits, and then provides: '' but such employer or his insurance carrier shall in either event be reimbursed from the special disability fund created by this subdivision for all compensation and medical benefits, including funeral expenses and death benefits, subsequent to those payable for the first two hundred sixty weeks of disability and death benefits combined ''. No mention is made of any formal notice of claim for reimbursement. The whole pattern of the legislation indicates a legislative intent to deal differently with silicosis cases than with second injury cases. Paragraph (ee) expressly provides: '' it shall not be required that the employee had, either at the time of hiring or during the employment, any previous physical condition or disability which may result in such total disability or death.''

In second injury cases a prerequisite to reimbursement requires that the injury be permanent; that the employer have knowledge of the previous permanent physical impairment; that it is or is likely to be a hindrance to employment, and the ultimate disability must be materially substantially greater than would have resulted from the subsequent accident alone. It is fair to assume that the reason for requiring notice of a claim

for reimbursement in such cases was to offer the Special Fund an opportunity to litigate the existence of these prerequisites. None of them are required as a prerequisite in silicosis cases. All that is required is that the disability be total, and therefore the reason for notice does not exist. The requirement in second injury cases that notice be given in any event within 104 weeks is obviously because that is the time when reimbursement begins. It would seem pointless to require a notice within 104 weeks in silicosis cases when there is no right to reimbursement until after the expiration of 260 weeks.

Further, it would seem that when paragraph (ee) was added, with an entirely different pattern of liability, some two years subsequently to the passage of paragraph (f), that had the Legislature intended to require a formal notice it would have so provided.

In the light of the expressed purposes of paragraph (ee) to make silicosis cases compensable without limit and irrespective of previous disability, and to impose a substantial part of the burden upon industry as a whole, we do not think the board should have denied reimbursement herein because of failure to file a formal, written notice.

The decision should be reversed and the matter remitted to the Workmen's Compensation Board for proceedings in accordance herewith, with costs to appellants against the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Decision reversed, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with the opinion herein, with costs to the appellants against the Workmen's Compensation Board.