In the Matter of the Claim of Hattie Scherer, Respondent, against Majestic Undergarment Co., Inc., et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, June 16, 1955.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Hyman A. Katz* for claimant-respondent.

*Jacob K. Javits, Attorney-General (Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Coon, J.   On August 1, 1946, the employee sustained accidental injuries in the course of his employment in the nature of angina pectoris and myocardial infarction. Disability compensation was paid to him for various periods until April, 1951, when a lump-sum settlement of $4,500 was made, with the approval of

the board. The employee died on October 22, 1951. An award was made for death benefits, from which this appeal is taken.

Appellants make two contentions: (1) that death was not due to the accidental injuries; and, (2) that the carrier is entitled to credit on the death award for the amount of the lump sum paid on the settlement, or at least for that portion thereof which exceeds the amount which would have become due at the regular rate up to the time of decedent's death.

The record discloses only a question of fact as to the first contention. There is a conflict of medical reports and testimony as to the causal relation of decedent's death to his original accident. There is adequate evidence to support the finding of the board in that respect.

The parties agree that the second contention presents a novel question. We think that the board was correct in refusing to allow credit upon the award of death benefits for any part of the lump-sum settlement made for disability compensation. The two are separate and distinct. The disability compensation is for the employee while he is living and suffering disability, whether it be paid at the regular rate or by way of a lump settlement approved by the board. Death benefits are for dependents, and constitute a *de novo* claim especially granted to dependents by the statute. (Workmen's Compensation Law, § 16.)

It is not claimed that disability benefits paid to decedent during his lifetime at the regular weekly rate would have any effect whatever on the amount of death benefits. It is only because decedent died so soon after the lump-sum settlement that the carrier feels aggrieved, and argues that it should not be required to pay more because of the lump-sum settlement than it would have had to pay otherwise. Such reasoning is not sound. The method of payment of disability compensation does not affect the situation at all. The employee could have, and as far as this record shows perhaps did, dispose of the entire lump-sum settlement during his lifetime, without benefit to his dependents. But whether he did or not is unimportant. The only reasonable assumption is that the employee's very purpose in making a lump-sum settlement was to avail himself of immediate possession of a larger amount of cash than he would get by weekly payments, and that the very purpose of the carrier in making such a settlement was to avoid the risk of being required to make weekly payments for a long period of time which might result in a total exceeding the amount of the lump-sum settlement. In everyday parlance, the carrier gambled when it made the settlement. When subsequent events proved that the gamble

was not a good one, it is too late to retract it. A lump-sum settlement of disability benefits is nothing more than a present evaluation by both parties of future events, not subject to later change based upon the actuality of those events.

The same reasoning has been followed before in a case which involves the same general principle, although quite different facts. In that case the carrier paid into the Aggregate Trust Fund a sum fixed by the board as the "present value of the deficiency compensation" (deficiency after the exhaustion of a third-party settlement made by the widow). The widow remarried before the third-party settlement was exhausted and the carrier sought a refund. In affirming a decision of the board denying the refund, this court, through the opinion of Mr. Justice BERGAN, said: "A determination which settles in the present events for the future does not depend on how those events occur, one way or another. The liability is fixed by the computation and matures on the direction to pay". (*Matter of Marconi* v *Marshall,* 284 App. Div. 728.)

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HALPERN, IMRIE and ZELLER, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.