■    In the Matter of the Claim of TESSIE DEUTSCH, Respondent, v. KUMFORT SLEEP PRODUCTS & EQUIPMENT COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from that portion of a decision of the Workmen's Compensation Board which discharged the Special Disability Fund from liability in a death case on the ground that no claim for reimbursement has been filed (Workmen's Compensation Law, § 15, subd. 8, par. [f]). In April, 1960, the decedent was struck by a truck and sustained a contusion and sprain of the left knee, aggravation of a pre-existing coronary condition, and low back condition. On the decedent's claim for compensation for this injury, the appellants filed the required claim for reimbursement from the Special Fund, alleging a previous physical impairment in the nature of a heart condition. Thereafter, in December, 1960, decedent died and his widow, on July 20, 1961, instituted the claim here involved for death benefits. Concededly the appellants never filed a separate claim for reimbursement in the death case. Appellants assert initially that their claim for reimbursement filed in the disability case was sufficient notice that they intended to seek reimbursement in the death case. We cannot agree. The claims for disability and death benefits are clearly separate and distinct assertions of rights (see, e.g., *Matter of Scherer* v. *Majestic Undergarment Co.*, 286 App. Div. 159, mot. for lv. to app. den. 309 N. Y. 1030), and thus separate claims for reimbursement are required. Here while the same printed form C-250 is usable to claim reimbursement in both disability and death cases and the first paragraph of the

claim filed refers to both "compensation and death benefits", the board could clearly find on a reading of the entire notice that it was intended only to cover the disability claim and as such did not even constitute substantial compliance with the statute. Appellants additionally urge that since the Special Fund must have been actually and fully aware of their claim for reimbursement in the death case having, in fact, actively participated in litigating this very issue before the Referee, it should not now be allowed to assert a failure of compliance with section 15 (subd. 8, par. [f]). However, this court has consistently required strict adherence with the provisions of section 15 (subd. 8, par. [f]) (*Matter of Stern* v. *Electrol,* 18 A D 2d 1117; *Matter of Domash* v. *Standard Coat, Apron & Linen Serv.,* 11 A D 2d 575, affd. 9 N Y 2d 889; *Matter of Lambright* v. *St. Luke's Hosp.,* 3 A D 2d 613, affd. 3 N Y 2d 832) and we find no reason to alter that approach in the instant case. "The whole idea [in workmen's compensation hearings] is to get away from cumbersome procedures and technicalities of pleading, and to reach a right decision by the shortest and quickest possible route. On the other hand, as every lawyer knows, there is a point beyond which the sweeping-aside of 'technicalities' cannot go, since evidentiary and procedural rules usually have an irreducible hard core of necessary function which cannot be dispensed with in any orderly investigation of the merits of a case. The question that constantly recurs in a survey of the procedural side of workmen's compensation is *whether, in any particular case involving a loss of benefits for procedural reasons under an otherwise meritorious claim, the indispensability of the procedural purpose so served outweighs the thwarting of the protective functions of the act*". (2 Larson, Law of Workmen's Compensation, § 78.10; emphasis added.) The cases cited by appellants involving sections 18 and 28 of the Workmen's Compensation Law are not apposite here since those sections, unlike section 15 (subd. 8, par. [f]), expressly provide for waiver or excuses where there is no prejudice. Decision affirmed, with costs to the Special Disability Fund. Gibson, P. J., Taylor and Hamm, JJ., concur; Herlihy, J., dissents, and votes to reverse, in the following memorandum: The factual situation here is such that we should not impose the harsh rule that due to failure to comply with procedural requirements, a meritorious claim must be defeated, nor is it necessary, in my opinion, to rely upon the theory of waiver or estoppel. The uncontroverted factual situation is that the Special Disability Fund (§ 15, subd. 8) participated in the litigation with reference to the death claim and belatedly fell upon the alleged procedural defect and has been allowed to withdraw from further litigation and impose responsibility upon the appellant-employer. The workmen's compensation form C-250, the pivotal issue, is the same in both disability and death benefits and admittedly was filed in the disability case. The filing of a second, identical C-250 in the death action, under the present circumstances, is mere surplusage. There is no showing that the respondent Special Fund has been prejudiced but, to the contrary, circumstances dictate that it should be compelled to defend against any potential liability. There are, as the majority points out, in administrative matters numerous occasions when the rules should be strictly enforced but the present facts do not fall within that category. I would reverse and remit for a hearing on the merits as to the liability of the employer and the Special Disability Fund.