In the Matter of JOSEPHINE MOLINA, Respondent, v. WAVE CREST MOTEL et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from that portion of a decision of the Workmen's Compensation Board, filed November 9, 1973, which dis-

charged the Special Disability Fund from liability in a death case on the ground that no claim for reimbursement has been filed (Workmen's Compensation Law, § 15, subd. 8, par. [f]). Decedent sustained injuries in a gas explosion on July 4, 1969, and died as a result thereof on July 29, 1969. The Workmen's Compensation Board found that the appellants filed the required claim for reimbursement for the disability resulting from decedent's injuries, but failed to file the required claim for the death case. Appellants assert initially that their claim for reimbursement filed in the disability case was sufficient notice that they intended to seek reimbursement in the death case. We cannot agree. In *Matter of Deutsch* v. *Kumfort Sleep Prods. & Equip. Co.* (25 A D 2d 456, affd. 20 N Y 2d 817), this court confirmed that claims for disability and death benefits are clearly separate and distinct assertions of rights and thus separate claims for reimbursement are required. The board could and did find factually in the instant case that no claim was filed in the death case. Appellants additionally urge that since the Special Fund must have been fully aware of the claim for reimbursement in the death case, having actively participated in litigating this very issue, it should not now be allowed to assert a failure to comply with section 15 (subd. 8, par. [f]). However, this court has consistently required strict adherence to the provisions of section 15 (subd. 8, par. [f]) and confirmed this position again in *Matter of Deutsch* v. *Kumfort Sleep Prods. & Equip. Co.* (*supra*). Accordingly, the decision of the board must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.