■ In the Matter of the Claim of RICHARD BRANNIGAN, Respondent, v TOWN OF OYSTER BAY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeals from decisions of the Workers' Compensation Board, filed October 21, 1986 and May 8, 1987.

The employer contends that the Workers' Compensation Board erred in discharging the Special Disability Fund due to the employer's failure to file a claim for reimbursement of death benefits. It is the employer's argument that since all parties, including the Board and the Special Disability Fund, treated the disability claim and the death claim as a single case until after the expiration of the two-year period within which the employer was required to seek reimbursement on the death claim (see, Workers' Compensation Law § 15 [8] [f]), the employer's failure to file a separate application for reim-

bursement on the death claim should not result in the discharge of the Special Disability Fund. The Board's decision must be affirmed since "claims for disability and death benefits are clearly separate and distinct assertions of rights and thus separate claims for reimbursement are required" *(Matter of Molina v Wave Crest Motel,* 46 AD2d 957, 958). We see nothing irrational in the Board's requirement of strict adherence to this mandate *(see, Matter of Roland v Sunmark Indus.,* 127 AD2d 894). The employer was well aware of the death claim and had ample opportunity to seek reimbursement within the required two-year period.

Decisions affirmed, with costs to the Special Disability Fund. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.