■ STATE OF NEW YORK, Respondent, v CITIES SERVICE COMPANY et al., Defendants, and AUSTIN R. NEWCOMBE COMPANY, INC., Appellant. (And a Third-Party Action.) (Action No. 1.) STATE OF NEW YORK, Respondent, v ATHARHACTON CORPORATION, Appellant. (Action No. 2.)—Levine, J. Appeal from an order of the Supreme Court (McDermott, J.), entered May 8, 1991 in Albany County, which denied a motion by defendant Austin R. Newcombe Company, Inc. in action No. 1 and defendant in action No. 2 for, inter alia, summary judgment dismissing the complaints against them.

In December 1978, plaintiff in action Nos. 1 and 2 was initially informed of the presence of gasoline in several residential drinking wells in Ulster County. Efforts to remediate the contamination, including the drilling of new wells, resulted in an expenditure of over $281,000 from the State Environmental Protection Spill Compensation Fund (hereinafter the Fund). Plaintiff thereafter commenced action No. 1 against, among others, defendants Cities Service Company, Atlantic Richfield Corporation and Austin R. Newcombe Company, Inc. (hereinafter Newcombe), alleging that the source of the contamination was leakage from underground gasoline storage tanks located at an Arco service station and a Citgo service station situated near each other on State Route 28 in the Town of West Hurley, Ulster County, and that the various

defendants were each strictly liable for all cleanup and removal costs plus penalties, pursuant to Navigation Law article 12, as a result of having ownership interests in the Arco and Citgo tanks. Plaintiff later initiated action No. 2 against defendant Atharhacton Corporation, alleging that it had succeeded to Newcombe's interest in the Citgo tanks in June 1981.

After issue was joined in both actions, Newcombe and Atharhacton moved for summary judgment on what they denominated as "res judicata" grounds. They averred that plaintiff was precluded from recovery against defendants under Navigation Law article 12 because, in an award made pursuant to an arbitration proceeding between the Fund and several property owners whose wells were contaminated, the arbitrator determined that the discharges at issue occurred prior to April 1, 1978, the effective date of Navigation Law article 12. They further contended that the statute should not be construed to impose liability for discharges prior to its effective date. Supreme Court denied their motion and this appeal followed.

We affirm. At most, the effect of the arbitrator's award would be issue preclusion, binding plaintiff to the fact that the gasoline spills from the Arco and Citgo tanks allegedly owned by defendants occurred prior to April 1, 1978. Indeed, plaintiff has never taken a position controverting that fact. That the spills causing the contamination occurred before the effective date of Navigation Law article 12 does not preclude recovery of the cost of cleanup and removal, all of which were incurred subsequent to the statute's effective date. Navigation Law § 190-a (added by L 1980, ch 649, § 4) provides as follows: "For purposes of cleanup and removal of any public or private ground water supply system contaminated by a discharge *occurring either before or after* the effective date of article twelve of this chapter, all relevant provisions of article twelve of this chapter shall apply" (emphasis supplied).

The clear intendment of Navigation Law § 190-a was to permit recovery for the costs of remediating the effects of discharges that had occurred before the effective date of Navigation Law article 12, as reflected in the statutory language and legislative history. We find untenable the contention of Newcombe and Atharhacton that section 190-a makes article 12 applicable to pre-April 1978 discharges as to "cleanup and removal" but not the costs thereof. We can discern no meaningful application or purpose of section 190-a under the interpretation urged by Newcombe and Atharhac-

ton, nor have they suggested one. A court should avoid a statutory interpretation rendering the provision meaningless or defeating its apparent purpose (see, Matter of Industrial Commr. of State of N. Y. v Five Corners Tavern, 47 NY2d 639, 646-647).

Equally without merit is the contention of Newcombe and Atharhacton that permitting recovery of post-April 1, 1978 costs of cleanup and removal of the effects of discharges occurring before that date would improperly apply Navigation Law article 12 retroactively. Liability here is imposed for costs incurred and conditions existing subsequent to the enactment of article 12, albeit resulting from prior acts, and this does not constitute retroactive application (see, United States v Northeastern Pharm. & Chem. Co., 810 F2d 726, 741, cert denied 484 US 848; United States v Price, 523 F Supp 1055, 1071, affd 688 F2d 204). Accordingly, Supreme Court's denial of the motion by Newcombe and Atharhacton for summary judgment was proper in all respects.

Weiss, P. J., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.