■ In the Matter of the Claim of LUCILLE SEMINERIO, Claimant, v GLEN PARTITIONS, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [873 NYS2d 385]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 29, 2007, which ruled that the employer's workers' compensation carrier was not entitled to reimbursement from the Special Disability Fund.

Decedent's disability due to occupational disease was established in August 1988 for asbestos-related pleural disease (see Workers' Compensation Law § 3 [2] [30]) and, in June 1996, for the dust disease of asbestosis (see Workers' Compensation Law § 3 [2] [29]). The employer's workers' compensation carrier duly filed a notice of claim seeking reimbursement from the Special Disability Fund for decedent's disability benefits. In 1997, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the establishment of occupational disease for the dust disease of asbestosis rendered the Special Disability Fund subject to liability to the carrier for reimbursement pursuant to Workers' Compensation Law § 15 (8) (ee).

Decedent later developed lung cancer and died in September 2003. On February 5, 2004, claimant, decedent's widow, filed a claim for death benefits. In August 2006, decedent's death was determined to be causally related to his established occupational disease of asbestosis and the WCLJ awarded claimant death benefits and funeral expenses. The carrier appealed, claiming that the WCLJ erred in failing to find that it was entitled to reimbursement from the Special Disability Fund on the death claim pursuant to Workers' Compensation Law § 15 (8) (ee). The Board affirmed, finding that the carrier was not entitled to reimbursement for the payment of death benefits because it failed to comply with Workers' Compensation Law § 15 (8) (f) by filing a separate notice of claim. This appeal ensued.

Under most circumstances, strict compliance with the filing provisions for separate disability and death benefit reimbursement applications pursuant to Workers' Compensation Law § 15 (8) (f)* is required (see Matter of Brannigan v Town of Oyster Bay, 141 AD2d 942, 943 [1988]; Matter of Molina v Wave Crest

* Workers' Compensation Law § 15 (8) (f) provides, in relevant part: "Any award under [Workers' Compensation Law § 15 (8)] shall be made against the employer or . . . insurance carrier, but if such employer or insurance carrier be entitled to reimbursement . . . , notice or claim of the right to such

*Motel*, 46 AD2d 957, 958 [1974]; *Matter of Deutsch v Kumfort Sleep Prods. & Equip. Co.*, 25 AD2d 456, 456 [1966], *affd* 20 NY2d 817 [1967]). However, in the limited context of dust disease claims, this Court has held that, "[i]n light of the expressed purposes of [Workers' Compensation Law § 15 (8) (ee)] to make [dust disease] cases compensable without limit . . . and to impose a substantial part of the burden upon [the] industry as a whole," the Board should not deny reimbursement to the carrier because of its failure to file a formal, written notice in accordance with Workers' Compensation Law § 15 (8) (f) (*Matter of Deubel v Buffalo Pottery*, 283 App Div 542, 544 [1954]; *see General Ry. Signal Corp.*, 2007 WL 2923098, *2, 2007 NY Wrk Comp LEXIS 6662, *3 [WCB No. 7060 0113, Aug. 2, 2007]). Thus, although it is undisputed that the carrier in this case failed to file a separate notice of claim for reimbursement of death benefits, we nevertheless conclude that the Board erred in finding that the carrier was not entitled to reimbursement from the Special Disability Fund.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

reimbursement shall be filed with the [B]oard in writing prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death or [52] weeks after the date that a claim for compensation is filed . . . , whichever is later."