■ COMMISSIONERS OF STATE INSURANCE FUND, Appellant, v HALLMARK OPERATING, INC., Respondent. [877 NYS2d 734]—

Kane, J. Appeal from an order of the Supreme Court (Devine, J.), entered July 14, 2008 in Albany County, which, among other things, granted defendant's motion for summary judgment upon submission of the controversy on an agreed statement of facts pursuant to CPLR 3222.

Plaintiff provided workers' compensation insurance for defendant from 1996 through 2001. During 1996, the policy was a retrospective rating plan (hereinafter RRP). Under an RRP, plaintiff retroactively calculates premiums owed based upon injuries that occurred during the policy period. Plaintiff then sends the employer periodic bills, generally annually, reflecting benefit payments made during that subsequent period that relate to claims based upon injuries experienced during the policy period. During 2000, the policy was a guaranteed cost plan (hereinafter GCP). Under a GCP, plaintiff collects a premium in a fixed amount, without considering or adjusting for the employer's claims experience.

One of defendant's employees suffered a work-related injury in 1996, resulting in an award of workers' compensation benefits. From 1996 through July 2000, plaintiff paid those benefits and allocated them to the 1996 RRP policy, issuing periodic bills to adjust defendant's premiums accordingly. In July 2000, the employee died following surgery. The Workers' Compensation Board determined that this death was causally related to her compensable injury and approved a new claim for death benefits filed by her surviving spouse. Plaintiff began paying these benefits and allocating them to the RRP policy. Defendant failed to pay the premiums associated with the death benefits, asserting that they were payable under the 2000 GCP policy and that no additional premiums could be collected.

Plaintiff commenced this action seeking payment of the unpaid premiums and collection costs. Both parties moved for summary judgment on a stipulated set of facts (*see* CPLR 3222). Supreme Court granted defendant's motion and dismissed the complaint, prompting plaintiff's appeal.

The death benefits claim was payable under the RRP policy. The workers' compensation statutes are structured to provide separately for disability benefits and death benefits (*compare* Workers' Compensation Law § 15, *with* Workers' Compensation Law § 16; *see Matter of Zechmann v Canisteo Volunteer Fire Dept.*, 85 NY2d 747, 751 [1995]). Because the right to death benefits does not accrue prior to death (*see Matter of Zechmann v Canisteo Volunteer Fire Dept.*, 85 NY2d at 753; *Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d 672, 675 [2001]), the Workers' Compensation Board assigned the death benefits case a separate claim number from the underlying disability claim and a new date of accident, namely the date of the employee's death. A new date of accident is required to calculate accrual of the new death benefits claim for statute of limitations purposes (*cf. Matter of Zechmann v Canisteo Volunteer Fire Dept.*, 85 NY2d at 753). While "a claim for death benefits . . . is a separate and distinct legal proceeding brought by the beneficiary's dependents and is not equated with the beneficiary's original disability claim" (*id.* at 751; *see Matter of Arena v Crown Asphalt Co.*, 292 AD2d 743, 746 [2002]; *Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d at 675), the character of the administrative proceedings does not define the contractual relationship between the insured and insurer under a workers' compensation insurance policy. Nor is death a new injury, but rather a new claim consequentially related to the original injury.

Here, the 1996 accident date was the actual date of loss for both the original injury and the causally related death. Consistent with statutory definitions, the policies provide coverage for "[b]odily injury includ[ing] resulting death" (*see* Workers' Compensation Law § 2 [7], [8]). Thus, under the policies, the employee's death in 2000 was included as part of her 1996 bodily injury and related back to the same date of loss (*cf. Matter of House v International Talc Co.*, 261 AD2d 687, 689 [1999]; *Matter of Dravo Corp.*, 2004 WL 1080879, *5, 2004 NY Wrk Comp LEXIS 10249, *14 [WCB No. 0910 1448, May 7, 2004]). Because that bodily injury occurred while the RRP policy was in effect, the death benefits claim was payable under that policy and plaintiff was entitled to summary judgment on its claim to collect the premiums due under the RRP policy.

Plaintiff was also entitled to collection costs of $24,681.72,

representing 14% of the amount owed, which reflected the amount charged by counsel to prosecute the collection matter (*see* State Finance Law § 18 [5]).

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, defendant's motion for summary judgment denied and plaintiff's motion for summary judgment granted.