■ In the Matter of the Claim of BEVERLY A. JAWOREK, Claimant, v SEARS ROEBUCK & COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 316]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 28, 2008, which ruled that the employer was not entitled to reimbursement from the Special Disability Fund.

Claimant suffered a knee injury while working for the employer on July 28, 2007. Her subsequent claim for workers' compensation benefits was not disputed by the employer's workers' compensation carrier. At the time of the injury, claimant also maintained concurrent employment and, finding that claimant had sustained a temporary total disability, a Workers' Compensation Law Judge determined that a substantial portion of claimant's average weekly wage was attributable to the concurrent employer. As required by Workers' Compensation Law § 14 (6), the Workers' Compensation Law Judge directed the employer and/or its workers' compensation carrier (hereinafter collectively referred to as the employer) to pay the full benefits award, which was $500 per week. The employer then sought reimbursement from the Special Disability Fund for the portion of the award attributable to claimant's concurrent employment. However, the Workers' Compensation Law Judge determined that the 2007 amendments to the Workers' Compensation Law prevented such reimbursement. Upon review, the Workers' Compensation Board affirmed and the employer appeals.

Initially, we note that because the issue presented here is one of pure statutory interpretation, we need not accord deference to the Board's decision (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 565-566 [2004]; *Matter of Belance v Manhattan Beer Distribs.*, 52 AD3d 1059, 1061 [2008], *lv denied* 11 NY3d 715 [2009]). Nevertheless, we agree with the Board's determination that the employer's claim for reimbursement from the Special Disability Fund is barred by Workers' Compensation Law § 15 (8) (h) (2) (A), which provides that "[n]o carrier or employer . . . may file a claim for reimbursement from the special disability fund, for an injury or illness with a date of accident or date of disablement on or after" July 1, 2007 (*see* L 2007, ch 6, §§ 76, 77). It is apparent from the legislative history of the 2007

amendments to the Workers' Compensation Law that the Legislature intended to close the Special Disability Fund to new claims as of July 1, 2007 (see e.g. Governor's Program Bill Mem, Bill Jacket, L 2007, ch 6, at 5; Sponsor's Mem, Bill Jacket, L 2007, ch 6, at 20; Mem of Div of Budget, Bill Jacket, L 2007, ch 6, at 33-34; Letter from Workers' Compensation Bd, Mar. 9, 2007, at 2-3, Bill Jacket, L 2007, ch 6, at 38-39). Although the employer contends that Workers' Compensation Law § 15 (8) (l) opens a loophole around the amendments, payments referenced in that section are those made pursuant to Workers' Compensation Law § 14 (6) and, accordingly, are subject to the date restrictions of Workers' Compensation Law § 15 (8) (h) (2) (A). Inasmuch as the statutory interpretation advocated by the employer contravenes not only the unambiguous language of the statute but also the legislative intent, it is rejected and the decision of the Board is affirmed.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.