■ In the Matter of the Claim of CAROL KRAUSA, as Surviving Spouse of WALTER KRAUSA, Deceased, Claimant, v TOTALES DEBEVOISE CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [922 NYS2d 643]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 21, 2009, which ruled that the employer's workers' compensation carrier was not entitled to reimbursement from the Special Disability Fund.

In 1994, Walter Krausa's claim based upon the occupational disease of silicosis was established, with a date of disablement of September 24, 1992. Thereafter, he was classified as permanently totally disabled and the workers' compensation carrier, the State Insurance Fund, was found to be entitled to reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (ee). Krausa died in November 2007 and claimant, his widow, filed a claim for death benefits, which a Workers' Compensation Law Judge (hereinafter WCLJ) awarded in 2009. The WCLJ also removed and discharged the Special Disability Fund as of the date of death, determining that it was no longer liable under section 15 (8) (ee). The carrier requested further action and appealed, seeking continued reimbursement from the Special Disability Fund. The Workers' Compensation Board denied reimbursement and, upon this appeal by the employer and carrier, we now reverse.

If an employee has died due to silicosis, Workers' Compensation Law § 15 (8) (ee) provides that an "employer or . . . carrier shall be reimbursed from the special disability fund . . . for all death benefits payable in excess of [104] weeks for claims where the date of accident or date of disablement occurred prior to August [1, 1994]." There is no dispute that such reimburse-

ment is subject to the limitations found in Workers' Compensation Law § 15 (8) (h) (2) (A), which states in pertinent part that no claim may be filed "for reimbursement from the special disability fund, for an injury or illness with *a date of accident or date of disablement* on or after July [1, 2007]" (emphasis added), and that no claims may be filed in any event after July 1, 2010. The Special Disability Fund argues—and the Board agreed—that the phrase "date of accident or date of disablement" in section 15 (8) (h) (2) (A) refers to an employee's date of death, and that no new claims can be entertained based upon deaths occurring on or after July 1, 2007. We disagree.

Inasmuch as the issue before us is one of statutory interpretation for the courts, the Board's decision is not entitled to deference (*see Matter of LaCroix v Syracuse Exec. Air Serv., Inc.*, 8 NY3d 348, 352-353 [2007]; *Matter of Belmonte v Snashall*, 2 NY3d 560, 565-566 [2004]). Moreover, "the clearest indicator of legislative intent is the statutory text, [and] the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). That is, "[i]f the [statutory] terms are clear and unambiguous, the court should construe [the provision] so as to give effect to the plain meaning of the words used" (*Matter of Orens v Novello*, 99 NY2d 180, 185 [2002] [internal quotation marks and citation omitted]; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d at 583). Here, the statutory terms refer to the "date of accident or date of disablement"; they do not reference date of death (Workers' Compensation Law § 15 [8] [h] [2] [A]). Inasmuch as the "date of disablement" in this case was previously found to be September 24, 1992, the Board's denial of reimbursement is contrary to the plain terms of the statute.

We reject the Special Disability Fund's argument that Krausa's death should be deemed an "accident" for purposes of the statute. The Workers' Compensation Law has long provided that the term "accident" is synonymous with "disablement" in the context of occupational diseases (*see* Workers' Compensation Law § 38; *see also* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 38, at 401 [explaining that "(a) disability resulting from an occupational disease . . . is the same as the happening of an accident giving rise to a claim for compensation benefits"]). Thus, while claims for disability and death benefits are legally distinct and have different accrual dates for statute of limitations purposes (*see Matter of Zechmann v Canisteo Volunteer Fire Dept.*, 85 NY2d 747, 751-753 [1995]), "death [is not] a new

injury" or accident, "but rather a new claim consequentially related to the original injury" (*Commissioners of State Ins. Fund v Hallmark Operating, Inc.*, 61 AD3d 1212, 1213 [2009]; *see Matter of House v International Talc Co.*, 261 AD2d 687, 689 [1999]; *cf. Matter of Petty v Dresser Indus.*, 299 AD2d 619, 619-620 [2002]).*

Nevertheless, despite the Legislature's stated intent to close the Special Disability Fund to new claims (*see* Public Authorities Law § 1680-l [3]; *Matter of Jaworek v Sears Roebuck & Co.*, 67 AD3d 1161, 1162-1163 [2009], *lv denied* 14 NY3d 704 [2010]), it did not bar reimbursement claims for employees dying after July 1, 2007. Rather, it barred claims based upon dates of disablement or accident after July 1, 2007, and all new claims after July 1, 2010 (*see generally Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d 672, 675-676 [2001]). Inasmuch as the reimbursement claim here was filed in 2009 and the date of disablement was September 24, 1992, we conclude that the carrier was entitled to reimbursement from the Special Disability Fund.

Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* Indeed, this Court has held that written notices of formal claims for reimbursement are not required to be filed in dust disease cases, such as this one (*see Matter of Seminerio v Glen Partitions, Inc.*, 59 AD3d 886, 887-888 [2009]; *Matter of Deubel v Buffalo Pottery*, 283 App Div 542, 544 [1954]).