■ In the Matter of the Claim of NICHOLAS CASTELLI, Claimant, v NRG et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [927 NYS2d 395]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed January 15, 2010, which ruled that the employer and its workers' compensation carrier were not entitled to reimbursement from the Special Disability Fund.

After exposure to asbestos and other lung irritants in the course of his employment as a gas turbine supervisor, claimant developed asbestosis and chronic obstructive pulmonary disease.

His ensuing claim for workers' compensation benefits was established, with the Workers' Compensation Board determining that his date of disablement was November 13, 2008. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) then sought reimbursement for those benefits from the Special Disability Fund (see Workers' Compensation Law § 3 [2] [29]; § 15 [8] [ee]). The Board denied the employer's application on the basis that amendments to Workers' Compensation Law § 15 (8) in 2007 closed the Fund to claims with a date of disablement after July 1, 2007. The employer now appeals, and we affirm.

Where, as here, a claimant suffers from a disabling dust disease, the employer is entitled to obtain reimbursement from the Fund "subject to the limitations of" Workers' Compensation Law § 15 (8) (h) (2) and (3) (Workers' Compensation Law § 15 [8] [ee]). Those limitations were added to the Workers' Compensation Law in 2007 when, recognizing that the Fund no longer served the purpose for which it was created, the Legislature acted to close the Fund to new claims by prohibiting, among other things, the filing of "a claim for reimbursement . . . for an injury or illness with a date of accident or date of disablement on or after July [1, 2007]" (Workers' Compensation Law § 15 [8] [h] [2] [A]; see L 2007, ch 6, §§ 75, 76; *Matter of Jaworek v Sears Roebuck & Co.*, 67 AD3d 1161, 1162-1163 [2009], *lv denied* 14 NY3d 704 [2010]). As it is undisputed that the date of disablement here falls beyond that cutoff date, the Board properly denied the employer's application.

The employer contends, nevertheless, that the time limit imposed by Workers' Compensation Law § 15 (8) (h) (2) (A) is inapplicable because it pertains only to "claims" for reimbursement and, in the context of dust diseases, a claim for reimbursement is not necessary. Workers' Compensation Law § 15 (8) (f) contains strict filing provisions related to a notice of claim for reimbursement, but our prior decisions have excused strict compliance with those provisions where reimbursement is sought for benefits paid as the result of a dust disease (see *Matter of Seminerio v Glen Partitions, Inc.*, 59 AD3d 886, 887-888 [2009]; *Matter of Deubel v Buffalo Pottery*, 283 App Div 542, 543-544 [1954]). Those cases do not hold, however, that no claim for reimbursement is required, per se, in dust cases. Instead, in recognizing that the reason for the strict notification requirements—"to offer the . . . Fund an opportunity to litigate the existence of" certain prerequisites to liability—does not apply to dust cases where "[a]ll that is required is that the disability be total," this Court held that the formal statutory requirements

for filing a claim may be relaxed (*Matter of Deubel v Buffalo Pottery*, 283 App Div at 544). Nothing in our precedents supports the interpretation urged by the employer here, that this Court created a distinction that would make it reasonable to infer that the Legislature's reference to "new claims" in the 2007 amendments did not include requests for reimbursement based on claims made in dust cases.

Nor are we persuaded that the addition of separate statutory definitions for a "claim" and a "request" for reimbursement in the amended legislation reveals any intention by the Legislature to draw a distinction between dust disease reimbursement applications and other claims for reimbursement. A "claim" is defined as "an application to the [B]oard under [Workers' Compensation Law § 15 (8) (f)] for a determination that the . . . [F]und is liable in the first instance for any reimbursement to the insurance carrier" (Workers' Compensation Law § 2 [19]; *see* L 2007, ch 6, § 1). A request for reimbursement is defined as "an application to the . . . [F]und for reimbursement for specific costs, *subsequent to* a determination by the [B]oard that the . . . [F]und is liable to provide reimbursement on the claim" (Workers' Compensation Law § 2 [20] [emphasis added]; *see* L 2007, ch 6, § 1). Hence, the statutory language requires that a claim must first be made and established by the Board before any request for reimbursement can be made to the Fund under Workers' Compensation Law § 15 (8), and the definitions added as part of the 2007 amendments do not express the clear intent on the part of the Legislature to change this established rule of law (*see Mohawk Val. Ski Club v Town of Duanesburg*, 304 AD2d 881, 884 [2003]; McKinney's Cons Laws of NY, Book 1, Statutes § 153).

Our interpretation of the statutory language added in 2007 is supported by the legislative history behind the amendments, which were specifically "intended to close the Special Disability Fund to new claims as of July 1, 2007" (*Matter of Jaworek v Sears Roebuck & Co.*, 67 AD3d at 1163). Indeed, one group expressly recognized that the 2007 amendments would result in "carriers . . . retaining full loss values on every claim, *especially those cases involving dust and occupational disease*" (Letter of NY Compensation Ins Rating Bd, Mar. 9, 2007, at 4, Bill Jacket, L 2007, ch 6, at 64 [emphasis added]). The employer's preferred interpretation of the 2007 amendments would not only defeat its goal, but would result in an absurd and contradictory result—the Legislature would have subjected Workers' Compensation Law § 15 (8) (ee) to the limitation contained in Workers' Compensation Law § 15 (8) (h) (2) (A), but then

defined that limitation in such a way as to render it inapplicable to section 15 (8) (ee) (*see State of New York v Cities Serv. Co.*, 180 AD2d 940, 942 [1992]; McKinney's Cons Laws of NY, Book 1, Statutes § 145). Accordingly, we hold that the Board's decision is supported by both the language of the statute and its legislative history.

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.