*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                518246
_____

In the Matter of the Claim of
    RICHARD J. CONNOLLY,
                    Claimant,

        v

CONSOLIDATED EDISON et al.,
                    Appellants,            MEMORANDUM AND ORDER
        and

SPECIAL DISABILITY FUND,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee, Albany (Jill B. Singer of counsel), for Special Disability Fund, respondent.

_____

Lynch, J.

        Appeal from an amended decision of the Workers' Compensation Board, filed March 28, 2013, which ruled that the self-insured employer is not entitled to reimbursement from the Special Disability Fund.

In 1999, a claim was established for claimant for the occupational diseases of asbestosis, asbestosis-related pleural disease and chronic obstructive pulmonary disease following his lengthy employment with Consolidated Edison, a self-insured employer. The employer was found to be entitled to reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (ee). Claimant thereafter died on April 29, 2011 and his widow filed a claim for death benefits, which the employer controverted, and the Special Funds Conservation Committee was put on notice. A Workers' Compensation Law Judge (hereinafter WCLJ) later granted a request by the Special Funds Conservation Committee to be removed from notice, finding that it was not liable for reimbursement under Workers' Compensation Law § 15 (8) (ee). After the parties submitted medical proof on causation, a WCLJ established the claim for work-related death and ordered the employer to reimburse claimant's widow for funeral expenses. The employer sought administrative review. The Workers' Compensation Board agreed that claimant's death was causally related. The Board further determined that the employer's claim for reimbursement from the Special Disability Fund for death benefits was time-barred because it was made after July 1, 2010, the outside date for such reimbursement claims under Workers' Compensation Law § 15 (8) (h) (2) (A). On appeal by the employer and its third-party administrator (hereinafter collectively referred to as the employer), we affirm.

Where, as here, an employee is disabled due to a dust disease, Workers' Compensation Law § 15 (8) (ee) provides that an "employer . . . or carrier shall . . . be reimbursed from the special disability fund . . . for all compensation and medical benefits subsequent to those payable for the first . . . [260] weeks of disability for claims where the date of accident or date of disablement occurred on or after August [1, 1994]." Likewise, if an employee has died due to a dust disease, the statute provides that an "employer or . . . carrier shall be reimbursed from the special disability fund . . . for all death benefits payable in excess of . . . [260] weeks for claims where the date of accident or date of disablement occurred on or after August [1, 1994]" (Workers' Compensation Law § 15 [8] [ee]). Such reimbursement is expressly subject to the limitations contained

in Workers' Compensation Law § 15 (8) (h) (2) (A), which "bars claims based upon dates of disablement or accident after July 1, 2007" (Matter of Krausa v Totales Debevoise Corp., 84 AD3d 1545, 1546 [2011]; see Matter of Castelli v NRG, 85 AD3d 1414, 1415 [2011], lv denied 17 NY3d 714 [2011]).  That subdivision further expressly provides, as here dispositive, that "[n]o carrier or employer . . . may file a claim for reimbursement from the special disability fund after July [1, 2010] and no written submission or evidence in support of such a claim may be submitted after that date" (Workers' Compensation Law § 15 [8] [h] [2] [A] [emphases added]; see Workers' Compensation Law § 15 [8] [ee] [reimbursement is "subject to the limitations of" section 15 (8) (h) (2) (A)]; Matter of Krausa v Totales Debevoise Corp., 84 AD3d 1545 at 1546]).  Given the "clear and unambiguous" terms of the reimbursement limitations provision of section 15 (8) (h) (2) (A), this Court has given effect to the plain meaning of the language employed (Matter of Orens v Novello, 99 NY2d 180, 185 [2002]) by recognizing that the provision bars "all new claims after July 1, 2010" (Matter of Krausa v Totales Debevoise Corp. , 84 AD3d at 1547 [emphasis added]).

We reject the employer's argument that its claimed entitlement to reimbursement from the Special Disability Fund is not a "new" claim, on the premise that it relates back to the original disablement in 1999 thereby establishing its right to reimbursement for a death occurring after July 1, 2010.  In this regard, a claim for reimbursement for death benefits is "separate and distinct" from the original claim for reimbursement for disability benefits (Matter of House v International Talc Co., 261 AD2d 687, 689 [1999]; see Workers' Compensation Law §§ 15 [8] [ee], [f], [g], [h]).  That is, "[t]he right to death benefits does not accrue prior to death" and death, while not a new injury or accident, results in a "new claim" for purposes of death benefits reimbursement (Commissioners of State Ins. Fund v Hallmark Operating, Inc., 61 AD3d 1212, 1213 [2009]; see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751-752 [1995]).

Here, since claimant died in 2011, and the employer's

claim[1] for reimbursement for death benefits was necessarily made after the July 1, 2010 cut-off date, the claim is barred under Workers' Compensation Law § 15 (8) (h) (2) (A) (compare Matter of Krausa v Totales Debevoise Corp., 84 AD3d at 1546 [death and the death benefit reimbursement claim occurred in 2009, before the July 1, 2010 cut-off for all new claims]).  As we noted in Matter of Krausa, while section 15 (8) (h) (2) (A) bars reimbursement for claims "based upon dates of disablement or accident after July 1, 2007," it further and without qualification precludes "all new claims after July 1, 2010" (id. at 1547).  While the former limitation provision did not bar reimbursement for the November 2007 death of the claimant in that case because his date of disablement was prior to July 1, 2007 (id. at 1547; compare Matter of Castelli v NRG, 85 AD3d at 1415), here, the employer's pursuit of reimbursement for death benefits for a death that occurred after July 1, 2010 is barred by the latter provision, which is not tied to the date of disablement or accident.  This conclusion is consistent with "the Legislature's stated intent to close the Special Disability Fund to new claims" (Matter of Krause v Totales Debevoise Corp., 84 AD3d at 1547; see Public Authorities Law § 1680-l [3]; Matter of Castelli v NRG, 85 AD3d at 1415; Matter of Jaworek v Sears Roebuck & Co., 67 AD3d 1161, 1162-1163 [2009], lv denied 14 NY3d 704 [2010]).  Accordingly, the Board's decision that the employer's reimbursement claim for death benefits is barred by Workers' Compensation Law § 15 (8) (h) (2) is supported by the language and legislative history of that statute.

        Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.

---

[1]    Although no separate written claim for death benefits reimbursement was filed (see Workers' Compensation Law § 15 [8] [f]), this requirements has been relaxed in dust cases (see Matter of Castelli v NRG, 85 AD3d at 1415-1416; Matter of Seminerio v Glen Partitions, Inc., 59 AD3d 886, 887-888 [2009]). The determinative fact is that reimbursement for death benefits from the Special Disability Fund was pursued after the cut-off date of July 1, 2010.

ORDERED that the amended decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court