Matter of Tuerk (Adelchi Inc.--Commissioner of Labor) (2020 NY Slip Op 03441)





Matter of Tuerk (Adelchi Inc.--Commissioner of Labor)


2020 NY Slip Op 03441


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

528857

[*1]In the Matter of the Claim of Daniel W. Tuerk, Respondent. Adelchi Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: May 20, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ.


Duke Holzman Photiadis & Gresens LLP, Buffalo (Thomas D. Lyons of counsel), for appellant.
Salvatore C. Adamo, Albany, for Daniel W. Tuerk, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.



Devine, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 19, 2018, which ruled that Adelchi Inc. is liable for unemployment insurance contributions on renumeration paid to claimant and others similarly situated.
Adelchi Inc. is engaged in construction management and retained claimant — who was paid through his company, Snap Improvements, LLC — to perform residential renovation and remodeling work. After claimant filed a claim for unemployment insurance benefits, the Department of Labor issued an initial determination in 2012 finding claimant to be Adelchi's employee and holding Adelchi liable for additional unemployment insurance contributions for remuneration paid to claimant and all others similarly situated. Adelchi objected to the determination and, following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that claimant and those similarly situated were independent contractors through October 25, 2010. The ALJ went on to find that Adelchi had not rebutted the presumption of employment created by the Construction Industry Fair Play Act (see Labor Law art 25-B [hereinafter Fair Play Act]) — which took effect on October 26, 2010 and permitted a contractor to rebut that presumption by showing that the 12 criteria of the "separate business entity test" were applicable to its worker (Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d 1373, 1375 [2017]; see Labor Law § 861-c [2], as added by L 2010, ch 418) — given the lack of proof that "claimant/SNAP was free from any direction or control over the means and manner of providing the service" as required (emphasis added; see generally Labor Law § 861-c [2] [a]). The ALJ accordingly determined that claimant and those similarly situated were Adelchi's employees as of October 26, 2010. Adelchi appealed insofar as the ALJ modified the initial determination. The Unemployment Insurance Appeal Board adopted the ALJ's factual findings and legal analysis, made additional findings that Adelchi failed to satisfy two of the three criteria of the statutory "ABC test" used to rebut the presumption of employment with regard to natural persons (see Labor Law § 861-c [1] [a]-[c]), and affirmed (see Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d at 1375). Adelchi appeals.
To begin, the Fair Play Act states that "[a]ny person performing services for a contractor shall be classified as an employee unless the person is a separate business entity under [Labor Law § 861-c (2)] or all of the [ABC test] criteria are met, in which case the person is an independent contractor" (Labor Law § 861-c [1]). Adelchi is indisputably a contractor. Substantial evidence further supports the Board's determination that claimant performed services for Adelchi and that not all of the criteria of the ABC test — in particular, the second criterion requiring that the work be "performed outside the usual course of business for which the service [was] performed" — were met (Labor Law § 861-c [1] [b]; see Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d at 1376). The issue accordingly turns to whether claimant could be viewed as a separate business entity and, in that regard, Adelchi argues that the Board misconstrued the first criterion of the separate business entity test by demanding proof of a total lack of direction or control over a business entity (see Labor Law § 861-c [2] [a]). Adelchi contends that this criterion of the separate business entity test instead codifies the common-law rule that "[a]n employer-employee relationship exists when the evidence demonstrates that the employer exercises control over the results produced by claimant or the means used to achieve the results" (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004]; see Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016]; Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 AD3d at 1376-1377), which involves a fact-specific inquiry where "the relevant indicia of control will necessarily vary depending on the nature of the work" (Matter of Vega [Postmates Inc.-Commissioner of Labor], ___ NY3d ___, ___, 2020 NY Slip Op 02094, *1-2 [2020]; see Matter of Morton, 284 NY 167, 172-173 [1940]). We agree.
Inasmuch as the interpretation of Labor Law § 861-c (2) (a) requires us to ascertain legislative intent through pure statutory analysis, the Board's interpretation of the statute is not entitled to deference (see Matter of Gruber [New York City Dept. of Personnel-Sweeney], 89 NY2d 225, 231 [1996]). Turning to the clearest indicator of that intent in the statutory text itself (see Matter of O'Donnell v Erie County, ___ NY3d ___, ___, 2020 NY Slip Op 02095, *3 [2020]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]), the separate business entity test requires a contractor to rebut the presumption of employment with proof, as is relevant here, that the "business entity is performing the service free from the [contractor's] direction or control over the means and manner of providing the service, subject only to the right of the contractor for whom the service is provided to specify the desired result" (Labor Law § 861-c [2] [a]). This language is strikingly similar to the traditional rule that a worker is an independent contractor where the purported employer lacks "control over the results produced or the means used to achieve the results" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437; see Matter of Rivera [State Line Delivery Serv.-Roberts], 69 NY2d 679, 682 [1986]), down to the qualification that "[i]ncidental control over the results produced" does not, without more, reflect an employer-employee relationship (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d at 735; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437; Matter of Morton, 284 NY at 172-173; Matter of Mitchell [Nation Co. Ltd Partners-Commissioner of Labor], 145 AD3d 1404, 1405 [2016]). The Legislature is presumed to be aware of the statutory and decisional law in existence at the time it enacts a statute (see Matter of Kelly v DiNapoli, 30 NY3d 674, 681 n 1 [2018]; Matter of Odunbaku v Odunbaku, 28 NY3d 223, 229 [2016]), and its use of language so similar to the longstanding legal standard for discerning an employer-employee relationship strongly suggests its intent to incorporate that standard as the first criterion under the separate business entity test.
Further, "[a] change in long established rules of law is not deemed to have been intended by the Legislature in the absence of a clear manifestation of such intention" (McKinney's Cons Laws of NY, Book 1, Statutes § 153; see Matter of Castelli v NRG, 85 AD3d 1414, 1416 [2011], lv denied 17 NY3d 714 [2011]). The Legislature's stated goal in enacting the Fair Play Act was to "enforce long-standing employment laws" by taking steps to stop the deliberate misclassification of employees as independent contractors (Labor Law § 861-a; see Governor's Approval Mem, Bill Jacket, L 2010, ch 418 at 5; Senate Sponsor's Mem, Bill Jacket, L 2010, ch 418 at 8-9). It would be a perverse result if a law aimed at enforcing existing employment laws governing the classification of employees were read in a manner that altered the existing standard for classifying employees — a standard that appears to be restated in the first criterion of the separate business entity test and is protected from employer malfeasance by both a new presumption of employment and the need to satisfy additional mandatory criteria to rebut that presumption — and there is no unequivocal sign in either the Fair Play Act or its legislative history that such an outcome was intended (see e.g. Matter of Village of Chestnut Ridge v Howard, 92 NY2d 718, 724 [1999]; Matter of Castelli v NRG, 85 AD3d at 1416; McKinney's Cons Laws of NY, Book 1, Statutes § 153).[FN1]
We accordingly conclude that the first criterion in the separate business entity test does not require a contractor to show a total lack of direction or control over a business entity, but instead that their relationship as a whole did not show sufficient "control over the results produced or the means used to achieve the results" by the contractor to reflect an employer-employee relationship (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437). Although the factual findings already made by the Board would appear to permit the determination that Adelchi did not meet the first criterion under the proper analysis, we are constrained to reverse and remit so that the Board may answer that question in the first instance (see e.g. Matter of Halperin [New York City Bd. of Educ.-Roberts], 102 AD2d 933, 934 [1984]).
Adelchi's remaining claims, including that the Board's determination was barred by collateral estoppel, have been examined and are meritless.
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: There is a sign in the legislative history that the separate business entity test and its criteria are modeled after a provision in a similar Illinois law (see 820 Ill Comp Stat 185/10 [c]; Letter of United Br of Carpenters and Joiners of Am, Bill Jacket, L 2010, ch 418 at 31). Illinois does not appear to require a total absence of direction or control to rebut the presumption of employment under its version of the law, but instead considers "the totality of [the] circumstances" in assessing whether a worker is an employee or an independent contractor (56 Ill Adm Code 240.320 [b]; see Bartlow v Costigan, 383 Ill Dec 95, 104, 13 NE3d 1216, 1225 [Ill 2014], cert denied 574 US 935 [2014]). This interpretation of an analogous foreign statute is not binding, but is "entitled to great weight as throwing light upon the intention of our own Legislature in enacting the law" (Bellegarde v Union Bag & Paper Co., 90 App Div 577, 581 [1904], affd 181 NY 519 [1905]).