Matter of Truax & Hovey, Ltd. (Commissioner of Labor) (2022 NY Slip Op 03294)

Matter of Truax & Hovey, Ltd. (Commissioner of Labor)

2022 NY Slip Op 03294

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

531805
[*1]In the Matter of Truax & Hovey, Ltd., Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Ferrara Fiorenza PC, East Syracuse (Katherine E. Gavett of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Pritzker, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 29, 2020 and September 25, 2020, which ruled, among other things, that Truax & Hovey, Ltd. is liable for additional unemployment insurance contributions on remuneration paid to certain installers and finishers of drywall.
Truax & Hovey, Ltd. (hereinafter T & H) is engaged in interior construction and contracts with general contractors and construction managers to provide gage and stud framing, installation of insulation and drywall, fireproofing and other interior construction needs. T & H contracted with, as relevant here, drywall subcontractors, which it deemed independent contractors, to install and finish drywall on the construction projects. Although the drywallers provided the tools and equipment needed for the project, T & H supplied the drywall and provided reimbursement if additional drywall was purchased by the drywallers.
As a result of two audits covering the period of January 2012 through December 2014 and January 2015 through December 2017, the Department of Labor issued two initial determinations finding that T & H was liable for additional unemployment insurance contributions on remuneration paid to certain drywallers during the periods in question. Following various hearings, those determinations were sustained by Administrative Law Judges, who found that T & H did not rebut the statutory presumption of an employment relationship set forth in Labor Law § 861-c, which is part of the Construction Industry Fair Play Act (see Labor Law art 25-B). Upon administrative appeal, the Unemployment Insurance Appeal Board, in a decision filed January 29, 2020 (which covered the period January 2012 through December 2014) and another decision filed September 25, 2020 (which covered the period January 2015 through December 2017), adopted the findings of fact and conclusions of law made by the Administrative Law Judges and affirmed those decisions. T & H appeals from both Board decisions.
As set forth in Labor Law § 861-a, the Fair Play Act was enacted as a measure to curb widespread abuses and fraud in the construction industry of misclassifying workers as independent contractors resulting in disproportionate and unfavorable consequences for both the workers and the public (see Matter of Barrier Windows Sys., Inc. [Commissioner of Labor], 149 AD3d 1373, 1374 [2017]). To that end, the Fair Play Act contains a statutory presumption that a person performing services for a construction contractor shall be classified as an employee unless it is demonstrated that such person is an independent contractor in accordance with the three criteria of the ABC test set forth in Labor Law § 861-c (1) or a separate business entity, which is established by satisfying all 12 criteria set forth in Labor Law § 861-c (2) (see Matter of Fleetwood Drywall Inc. [Commissioner of Labor], 201 AD3d 1059, 1061 [2022]; see also Matter of Barrier Window Sys., Inc. [Commissioner of Labor], 149 [*2]AD3d at 1375). As is relevant here, to establish that a worker is an independent contractor under the ABC test requires that "the service must be performed outside the usual course of business for which the service is performed" (Labor Law § 861-c [1] [b]). Further, as to whether the worker qualifies as a separate business entity, the three criteria at issue here are that the person "has a substantial investment of capital in [his or her] business entity beyond ordinary tools and equipment and a personal vehicle" (Labor Law § 861-c [2] [c]), "owns the capital goods and gains the profits and bears the losses of [his or her] business entity" (Labor Law § 861-c [2] [d]) and "includes services rendered on a Federal Income Tax Schedule as an independent business or profession" (Labor Law § 861-c [2] [f]).
We are unpersuaded by the contention of T & H that this matter is distinguishable from our recent decision in Matter of Fleetwood Drywall Inc. (Commissioner of Labor) (201 AD3d 1059 [2022]), as the fourth statutory factor of the separate business entity test — requiring the subcontractor to "own[] the capital goods and gain[] the profits and bear[] the losses of the business entity" (Labor Law § 861-c [2] [d]) — was not satisfied. Consistent with the facts in Matter of Fleetwood Drywall Inc. (Commissioner of Labor), the record here establishes that the included drywallers own and bring the various tools necessary to perform the drywall installation and/or finishing but did not own or provide the drywall to be used in performing their services. The drywall necessary to perform the installation and/or finishing was owned and provided by T & H, which the Board, under the circumstances here, reasonably found to be a capital good (see Matter of Fleetwood Drywall Inc. [Commissioner of Labor], 201 AD3d at 1062-1063). In view of the foregoing, we find that substantial evidence supports the Board's finding that T & H did not, on this record, overcome the presumption that the included drywallers owned the capital goods so as to satisfy the fourth statutory factor of the separate business entity test. Having failed to satisfy the fourth statutory factor, and given that satisfaction of all 12 factors is required in order to demonstrate a separate business entity, the Board's decision will not be disturbed and, further, we need not address the parties' contentions regarding the remaining factors of the separate entity test or the ABC test addressed by the Board (see id. at 1063; Matter of Tuerk [Adelchi Inc.-Commissioner of Labor], 184 AD3d 295, 298-300 [2020]). The remaining contentions raised by T & H have been reviewed and found to be without merit.
Garry, P.J., Lynch, Colangelo and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.