■     In the Matter of the Claim of PAUL BIEDERMAN, Respondent, against LIEBMANN BREWERIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award made by the Workmen's Compensation Board. Claimant is a beer keg delivery helper and was found to have been partially disabled on December 2, 1950, from Dupuytren's contracture, an occupational disease. At that time he was employed by appellant

Liebmann Breweries, Inc. The proof is that he had contracted the disease from five to ten years before the time of his disablement. Prior to May 26, 1947, some three and a half years before the disablement, he had been employed in the same work and in the same place of work by John Eichler Distributing Corporation. The statute (Workmen's Compensation Law, § 40) provides the general time limit in relation to occupational disease. It must be contracted within a year before disablement, except where the employee contracted the disease "in the same employment with the same employer" for whom he was employed at disablement. In 1947 the appellant-employer purchased the stock of the former employer of claimant and they merged. Claimant continued doing the same work after as before the merger. On merger of corporations the rule generally is that the possessor corporation shall assume all the obligations of the merged corporation in the same manner as if it had itself incurred them. (Cf. Stock Corporation Law, § 85, subd. 2.) The Workmen's Compensation Law generally (*Matter of Commissioner of Taxation & Finance* v. *Nu-Art Adv. Co.*, 271 N. Y. 112) and section 40 specifically (*Matter of Frank* v. *Freedman Die Cutters*, 281 App. Div. 934) is liberally construed. We think the board was right in holding claimant was working for the same employer and in the same employment at the time of disablement as at the time of contracting the disease. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.