■ In the Matter of the Claim of JEAN R. BIRMINGHAM, Appellant, v BAXTER & SPENCER, INC., et al., Respondents, and UNINSURED EMPLOYERS FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 15, 1980, which ruled that claims filed by claimant and her deceased husband were barred by the Statute of Limitations. Claimant's deceased was employed as a printer by Vanderbilt & Jackson for over 25 years prior to 1963, and from 1963 to 1971 by Baxter & Spencer, Inc. On May 14, 1972, the deceased was diagnosed as suffering from a blood and marrow disease known to occur after prolonged exposure to benzene, a derivative of benzol. Shortly thereafter, on July 13, 1972, he filed a claim for disability benefits against Baxter & Spencer. The deceased died from the disease on August 12, 1972 and claimant thereafter filed a claim for death benefits against Baxter & Spencer on November 21, 1972. It was not until the initial hearing held before the board on April 5, 1974, concerning both the disability and death claims, that evidence was presented which indicated that the deceased did not come into contact with benzene while working for Baxter & Spencer, but, rather, while employed at Vanderbilt & Jackson. Claimant then filed a second death claim on April 17, 1974, this time naming Vanderbilt & Jackson as the employer. This claim was later combined with claimant's first death claim. No second disability claim, however, was ever filed on decedent's behalf against Vanderbilt & Jackson. After several additional hearings, the Administrative Law Judge found a causal relationship between the deceased's employment with Vanderbilt & Jackson and the disease which initially disabled him and ultimately caused his death. Awards for both disability and death benefits were made. Since Vanderbilt & Jackson was no longer in business and there being no evidence that they were insured at the time, the Uninsured Employers Fund was directed to pay the award. The board thereafter reversed and held that all claims against Vanderbilt & Jackson were barred pursuant to section 28 of the Workers' Compensation Law. This appeal by claimant ensued. Turning first to the deceased's disability claim, the board correctly found section 28 to be a bar since no claim was filed by the deceased or on his behalf "within ninety days after disablement and after knowledge that the disease is or was due to the nature of the employment." While the deceased did file a claim against Baxter & Spencer within 90 days of disablement and knowledge that the disease might be employment related, his employment with this employer was ruled not to be

the cause of his disease. Thus, under the holding of *Matter of Williams v Julius Klein, Inc.* (38 AD2d 140, mot for lv to app den 30 NY2d 483), section 28 was tolled and a claim could have been filed on his behalf within 90 days of learning the proper employer against whom to make a claim. Unfortunately for the deceased, however, no disability claim was ever filed on his behalf against Vanderbilt & Jackson and the 90-day period in which such a claim could have been filed has long since expired. With regard to claimant's death claim, the board erroneously found such claim barred by section 28 since it was filed against Vanderbilt & Jackson on April 17, 1974 and thus was within two years of the deceased's death on August 12, 1972. Having overcome the general Statute of Limitations for compensation contained in section 28, claimant's application in the instant case must also comply with the time limitations applicable to claims resulting from occupational diseases found in section 40 of the Workers' Compensation Law. Subdivision 1 of that section provides, in pertinent part, that when "a claim [has not been] filed * * * prior to the death of an employee * * * the dependents of such an employee shall not be entitled to compensation for death resulting from disease unless the disease is due to occupational exposure to or contact with any of the above substances and was contracted within five years previous to the date of death." Simply put, unless the deceased filed a compensation claim before he died, section 40 will bar claimant's death claim since the deceased's occupational disease was contracted more than five years prior to his death. While it is undisputed that the deceased filed a claim for disability before he died, that claim was filed against the wrong employer. We cannot agree, however, with the position taken by the Uninsured Employers Fund that this erroneous filing by the deceased should bar his widow's death claim. To so hold would unjustly penalize claimant and would be contrary to the liberal construction which is to be given to the Workers' Compensation Law in general and section 40 in particular *(Matter of Biederman v Liebmann Breweries,* 1 AD2d 708). Since a claim was filed by the deceased prior to his death from a disease caused by his contact with benzene, section 40 is also not a bar to the death claim filed by claimant. Accordingly, claimant's death claim against Vanderbilt & Jackson should be reinstated and the matter remitted to the board for further proceedings not inconsistent herewith. Decision modified by reinstating claimant's death claim against Vanderbilt & Jackson in board File No. 07273912 and remitting the matter to the Workers' Compensation Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.