■ In the Matter of the Claim of BEATRICE HOUSE, Appellant, v INTERNATIONAL TALC COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [689 NYS2d 552] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed February 23, 1998, which established the average weekly wage upon which death benefits paid to claimant were to be based.

At issue in this appeal is whether the average weekly wage

calculation used to determine a workers' compensation permanent disability award applies to the subsequent death claim. In 1973, Arthur House was found to have suffered a compensable occupational disease resulting in a permanent total disability. He was awarded workers' compensation benefits of $80 per week, based on an average weekly wage of $177.69 as of his "accident date" of April 5, 1973.[1] He received these benefits for over 15 years when in 1990, as a result of the enactment of Workers' Compensation Law § 25-a (9) (a), House received an additional $135 per week in supplemental benefits, for total weekly compensation in the amount of $215. These benefits were issued to House until his death from lung disease on March 17, 1995. After his death, claimant, his widow, filed a claim for death benefits. A hearing was conducted and by a decision dated September 21, 1995, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that House's death was compensable and that the amount of the benefits would be calculated on the basis of House's average weekly wage on April 5, 1973.

On review before the Workers' Compensation Board, claimant contended that the award should have been computed based on the average weekly wage received by a comparable employee for the one-year period immediately preceding House's death. The Board rescinded the WCLJ's decision and restored the case to the calendar, directing, *inter alia*,[2] the workers' compensation insurance carrier to submit proof of the average weekly wage of a similar worker for the period from March 17, 1994 to March 17, 1995 in accordance with Workers' Compensation Law § 14 (2). Complying with the directive, the insurance carrier produced wage figures for an employee whose average weekly wage for the designated year was $737.52. On reconsideration, the WCLJ again utilized the average weekly wage from House's disability benefit in calculating claimant's death benefit. The Board affirmed and this appeal ensued.

Citing March 17, 1995 as the date of "accidental death", claimant submits that the use of payroll figures of a similar worker which evidenced an average weekly wage of $737.52

---

**1.** This Court affirmed the decision of the Workers' Compensation Board which determined that claimant had a permanent total industrial disability as the result of a lung condition, talcosis, in *Matter of House v International Talc Co.* (51 AD2d 832, *lv denied* 39 NY2d 708). Workers' Compensation Law § 38 defines the date of disablement from an occupational disease as "the happening of an accident" and House's date of disablement was established as April 5, 1973.

**2.** The Board further agreed with claimant that the offset for Social Security benefits had been computed incorrectly.

comports with the average weekly wage calculations permitted under Workers' Compensation Law § 14 (2). In substituting the date of death for the date of the occurrence that produced the compensable injury, claimant relies on the provision of Workers' Compensation Law § 14 (2) which allows payroll figures for "an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place" to be utilized where an injured employee has not worked during the year preceding the accident or injury. We disagree with claimant's interpretation of the application of this statute.

There is no question that this Court has viewed disability and death benefits as separate and distinct claims for reimbursement (*see, Matter of Molina v Wave Crest Motel*, 46 AD2d 957; *see generally, Matter of Birmingham v Baxter & Spencer*, 84 AD2d 597). Although the claims are distinct, the term "death" in Workers' Compensation Law § 2 (8) refers back to the disabling occurrence by specifying "the right to compensation means only *death resulting from such injury*" (emphasis supplied). The correlation to "injury" is again found in Workers' Compensation Law § 14, which directs that the assessment of the average weekly wage "*at the time of the injury* shall be taken as the *basis upon which to compute* compensation or *death benefits*" (emphasis supplied). Workers' Compensation Law § 2 (9) further defines "wages" as "the money rate at which the service rendered is recompensed under the contract of hiring in force *at the time of the accident*" (emphasis supplied). Therefore, the definitions of "death", "average weekly wages" and "wages" establish the date of the worker's "injury" or "accident" as the common basis for benefit formulation.

Our reading of the relevant statutes leads us to conclude that regardless of whether the Board is computing a disability or death benefit, the date of the original occurrence causing the injury is to be employed in the formulation of the appropriate average weekly wage. In the absence of any statutory directive authorizing the Board to substitute the date of death for the date of the "injury", we are constrained to affirm the Board's determination that death benefits should be calculated with reference to the date of the event that resulted in the underlying disability and not the worker's death.[3]

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

---

**3.** Despite the use of the date of death as the date of accident in the death claim in the Board's decision in *Matter of Mace* (Workers' Compensation Bd. Case No. 69103561) which is currently on full Board review, the Board has generally employed the date of disability in calculating the aver-

age weekly wage for death claims (see, Matter of V.J. Gautieri, Inc., 97 NYW-CLR ¶ 1031 [Workers' Compensation Bd. Case No. 79105673]; Matter of Gouverneur Talc, 87 NYWCLR ¶ 1117 [Workers' Compensation Bd. Case No. 68411832]).