■ In the Matter of the Claim of ARLENE LUSTYIK, Appellant, v VILLAGE OF TARRYTOWN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 281]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 7, 2006, which reduced a death benefit awarded to claimant.

In 1987, decedent, a volunteer firefighter, suffered a work-related myocardial infarction and was subsequently classified as permanently totally disabled. In April 2002, he died as a result of a cardiac arrest which was determined to be causally related to this injury. Thereafter, claimant, decedent's widow, filed a claim for death benefits and a Workers' Compensation Law Judge (hereinafter WCLJ) awarded her, as relevant here, a lump-sum death benefit of $50,000 pursuant to Volunteer Firefighters' Benefit Law former § 7 (2). The workers' compensation carrier filed an application for review by the Workers'

Compensation Board, contending that the WCLJ improperly granted claimant a lump-sum death benefit in the amount of $50,000 in that Volunteer Firefighters' Benefit Law former § 7 (2) specifically limited such benefit to $10,000. The Board modified the WCLJ's determination by reducing claimant's lump-sum death benefit award to $10,000. She now appeals.

We reject claimant's argument that the Board erred in reducing her lump-sum death benefit award. When this claim arose, Volunteer Firefighters' Benefit Law former § 7 (2) provided for a $50,000 lump-sum death benefit to surviving spouses with the express proviso, however, "that nothing herein shall be construed as affording a greater benefit for those volunteer [firefighters] injured prior to the effective date of this act [i.e., May 9, 1998], however the spouse . . . of such [firefighter] shall continue to be eligible for a benefit in the sum of [$10,000]" (Volunteer Firefighters' Benefit Law former § 7 [2]; *see* L 2002, ch 139, § 1; L 1998, ch 415, § 3). Since decedent was injured in 1987, this proviso clearly applies, limiting claimant's award to $10,000 (*see generally Matter of Mace v Owl Wire & Cable Co.*, 284 AD2d 672, 675 [2001]; *Matter of House v International Talc Co.*, 261 AD2d 687, 689 [1999]).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.