◼ In the Matter of the Claim of NORMA ANGELO, as Widow of JOHN ANGELO, Deceased, Respondent, v OCCIDENTAL CHEMICAL, Respondent, and Special Fund for Reopened Cases, Appel-

lant. WORKERS' COMPENSATION BOARD, Respondent. [946 NYS2d 261]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed March 14, 2011, which, among other things, ruled that claimant was entitled to receive death benefits at the maximum rate as a surviving spouse under Workers' Compensation Law § 16 (5).

As relevant herein, the previously-established underlying workers' compensation claim of John Angelo (hereinafter decedent) for the occupational disease of pleural asbestosis was given a disablement date of May 27, 1994. On October 12, 2007, decedent died due to what was later determined to be asbestos-related pleural disease. Claimant, decedent's widow, filed this claim for death benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) discharged the employer's workers' compensation carrier and shifted liability to the Special Fund for Reopened Cases. The WCLJ thereafter established the case for causally-related death, established an average weekly wage of $838.46 "per payroll in the underlying [occupational disease] case" and awarded benefits at the statutory maximum rate of $500 per week. The Workers' Compensation Board upheld the WCLJ's decision and this appeal by the Special Fund ensued.

According to the Special Fund, the Board erred in ruling that claimant was entitled to the maximum benefit rate in effect on the date of decedent's death and, instead, should have applied the lower statutory maximum rate applicable on the date of disablement in the underlying occupational disease claim, i.e., May 27, 1994. We disagree. Significantly, the increased maximum death benefit rate set forth as part of the comprehensive revisions to the Workers' Compensation Law in 2007 states that it applies, as pertinent here, "where the death occurs on or after [July 1, 2007]" (Workers' Compensation Law § 16 [5] [1]). The Board correctly found that the unambiguous language of this statutory provision encompasses all qualifying deaths occurring in the applicable time frame, regardless of the date of disablement (see Employer: McLane Northeast, 2008 WL 5550077, 2008 NY Wrk Comp LEXIS 11560 [WCB No. 6070 7321, Dec. 28, 2008]). Contrary to the Special Fund's argument, our decision in Matter of House v International Talc Co. (261 AD2d 687, 689 [1999]) does not compel a different result.

The remaining arguments advanced by the Special Fund have been examined and found to be unpersuasive.

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.