## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: June 30, 2016            521733
_____

In the Matter of the Claim of
    BRENDA MANGAN,
                        Appellant,

        v

TRY-IT DISTRIBUTING CO., INC.,
                        Respondent,

            and                          MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____


        Viola, Cummings & Lindsay LLP, Niagara Falls (Matthew T. Mosher of counsel), for appellant.

        Steven Licht, Special Funds Conservation Committee, Albany (Jill B. Singer of counsel), for Special Fund For Reopened Cases, respondent.

_____


Devine, J.

        Appeal from a decision of the Workers' Compensation Board, filed January 2, 2015, which ruled, among other things, that claimant is entitled to receive death benefits based upon decedent's average weekly wages at the time of his accident.

In 2000, Tracy Mangan (hereinafter decedent) sustained a work-related back injury while employed by Try-It Distributing Co., Inc. (hereinafter the employer). In 2009, decedent was classified as having a permanent partial disability, and liability for the claim was transferred to the Special Fund for Reopened Cases (see Workers' Compensation Law § 25-a). Decedent's average weekly wage was thereafter established to be $813.49 based upon payroll records for the year preceding his injury. Decedent died in July 2012 of complications arising in the wake of causally-related back surgery and, in 2013, claimant, decedent's widow, filed this claim for death benefits. Following a hearing, a Workers' Compensation Law Judge determined that decedent's death was compensable and calculated the amount of death benefits on the basis of decedent's average weekly wage at the time of his death. Upon review, the Workers' Compensation Board modified the award of death benefits, holding that the amount of benefits should be calculated on the basis of decedent's average weekly wage at the time of the compensable injury. Claimant now appeals.

As we have previously held, the calculation of death benefits is based upon the average weekly wage on the date of accident or the date of disablement (see Workers' Compensation Law § 14; Matter of House v International Talc Co., 261 AD2d 687, 689 [1999]). The award is then made subject to "the increased [minimum and] maximum death benefit rate[s] set forth as part of the comprehensive revisions to the Workers' Compensation Law in 2007," which applies to the 2012 death at issue here (Matter of Angelo v Occidental Chem., 95 AD3d 1554, 1555 [2012]; see Workers' Compensation Law § 16 [5] [4]). Thus, the Board correctly determined that the calculation of death benefits was based upon decedent's average weekly wage at the time of his 2000 accident, not the average weekly wage at the time of his 2012 death (see Matter of House v International Talc Co., 261 AD2d at 689). In light of our determination, we need not address the parties' remaining contentions.

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court