Matter of Reid v National Grid (2023 NY Slip Op 06413)

Matter of Reid v National Grid

2023 NY Slip Op 06413

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

534657
[*1]In the Matter of the Claim of Karen Reid, Claimant,
v
National Grid et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Wolff, Goodrich & Goldman, LLP, Syracuse (Alicia M. Blair of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed December 17, 2021, which ruled, among other things, that the date of decedent's disablement was March 2, 2019.
Claimant's husband (hereinafter decedent) was exposed to asbestos while working in the 1950s for various employers. Decedent took age-related retirement in 1990. In November 2018, decedent was diagnosed with mesothelioma due to asbestos exposure and passed away from such condition on March 2, 2019. Claimant thereafter applied for workers' compensation death benefits. On the date of the hearing, the parties stipulated to the establishment of the claim for a compensable death and, among other things, set decedent's average weekly wage based upon his earnings in 1989. The stipulation as to decedent's average weekly wage was made without prejudice. At the ensuing hearing, claimant argued that decedent's average weekly wage should be based upon the average weekly wage of a comparable worker for the one-year period immediately preceding decedent's death. Following the hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for work-related mesothelioma and found that decedent's date of death of March 2, 2019 should be used to determine decedent's average weekly wage. The WCLJ directed the employer's workers' compensation carrier to submit payroll for a comparable worker for the period of March 2, 2018 to March 2, 2019. Upon review, the Workers' Compensation Board modified the WCLJ's decision, clarifying that decedent's average weekly wage should be based upon his date of disablement. The Board then determined decedent's date of disablement to be March 2, 2019, and otherwise affirmed the WCLJ's decision. The employer and its workers' compensation carrier appeal.
We affirm. The employer and the carrier contend that the Board erred in finding that decedent's average weekly wage should be determined using March 2, 2019 as the date of disablement. "The Board is afforded great latitude in setting the date of disablement, and its resulting determination, if supported by substantial evidence, will not be disturbed" (Matter of Osorio v TVI Inc., 193 AD3d 1219, 1220-1221 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Chrostowski v Pinnacle Envtl. Corp., 191 AD3d 1140, 1140 [3d Dept 2021]).
"[T]he assessment of the average weekly wage at the time of the injury shall be taken as the basis upon which to compute compensation or death benefits" (Matter of House v International Talc Co., 261 AD2d 687, 689 [3d Dept 1999] [internal quotation marks, emphasis and citation omitted]). "[T]he calculation of death benefits is based upon the average weekly wage on the date of accident or the date of disablement" (Matter of Mangan v Try-It Distrib. Co., Inc., 140 AD3d 1568, 1569 [3d Dept 2016]; see Matter of House v International Talc Co., 261 AD2d at 689).[FN1] Generally, "death benefits should be calculated with reference to the date [*2]of the event that resulted in the underlying disability and not the worker's death" (Matter of House v International Talc Co., 261 AD2d at 689). The decedent in House, however, had already established a claim for workers' compensation benefits due to an occupational disease prior to his death. Therefore, the date of disablement for his condition had already been determined (see Matter of House v International Talc Co., 261 AD2d at 688 n 1; see also Matter of House v International Talc Co., 51 AD2d 832, 833 [3d Dept 1976], lv denied 39 NY2d 708 [1976]).
Here, decedent never established a claim for workers' compensation benefits due to his exposure to asbestos, he took age-related retirement in 1990 with no indication that his retirement was medically-related, and there are no medical reports in the record indicating that he was ever disabled as a result of his exposure to asbestos.[FN2] As a result, prior to decedent's death at the age of 89, the Board had not been asked to determine a date of disablement. Since decedent was never found to have been disabled during his lifetime, the Board determined that he did not become disabled from his condition until his death and, therefore, his date of disablement was March 2, 2019, the day that he died (see Employer: Tarkett, Inc, 2017 WL 1716934, *1, 2017 NY Wrk Comp LEXIS 4492, *5-*6 [WCB G097 7812, Mar. 24, 2017]; Employer: Occidental Chemical, 2016 WL 3130319, *3, 2016 NY Wrk Comp LEXIS 5338, *8-*9 [WCB No. G048 6366, May 25, 2016]; Employer: Consolidated Edison Company, 2007 WL 387216, *2, 2007 NY Wrk Comp LEXIS 0276, *3-*4 [WCB 0005 4671, Jan. 9, 2007]). Although this Court has found that the Board should not use a decedent's date of death for purposes of determining his or her average weekly wage when a date of disablement has already been determined, under these circumstances, where there is no proof that decedent was ever disabled due to his condition prior to his death and no prior date of disablement had been established, and given the Board's latitude in setting the date of disablement, we conclude that the Board's finding, that decedent's average weekly wage should be determined using March 2, 2019 as his date of disablement, is supported by substantial evidence and will not be disturbed (see generally Matter of Petty v Dresser Indus., 299 AD2d 619, 620 [3d Dept 2002]; compare Matter of Mangan v Tri-It Distrib. Co., Inc., 140 AD3d at 1569; Matter of House v International Talc Co., 261 AD2d at 689).
Garry, P.J., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Importantly, "[d]isablement from an occupational disease is treated as the happening of an accident" (Matter of Hroncich v Con Edison, 21 NY3d 636, 642 n 4 [2013]; see Workers' Compensation Law § 38).

Footnote 2: The first medical report indicating that decedent suffered from an occupational disease was written in November 2018, three months before his death and 28 years after his retirement.