■ In the Matter of the Claim of DANIEL RODGERS, Appellant, v NEW YORK CITY FIRE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 724]—

---

* The children are represented by a new attorney on appeal, who does not join in the mother's argument.

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2008, which, among other things, ruled that claimant's application for workers' compensation benefits was time-barred by Workers' Compensation Law § 28.

On September 11, 2001 and the days that followed, claimant—a civil employee of the New York City Fire Department—was charged with cleaning and repairing fire trucks that had responded to the scene of the terrorist attacks that had occurred at the World Trade Center. In February 2002, claimant received medical treatment for bronchitis. As his condition deteriorated, he was ultimately diagnosed with gastroesophageal reflux, reactive airway dysfunction, apnea and posttraumatic stress disorder. Claimant filed a claim for workers' compensation benefits, but continued to work until his retirement in February 2007. The previous year, the employer, in a C-7 form dated August 17, 2006, argued, among other things, that the claim was untimely because it was filed more than two years after the accident that created the conditions that caused claimant's illness (see Workers' Compensation Law § 28). After hearings were conducted, a workers' compensation law judge ruled in claimant's favor finding that the claim was properly filed (see Workers' Compensation Law art 8-A), that he was disabled and that his disability was caused by conditions he encountered in the work place. On review, the Workers' Compensation Board reversed this decision and denied the claim as untimely. Claimant now appeals.

A claim for workers' compensation benefits will, as a general rule, be found to be untimely if it is not filed within two years after an accident alleged to have caused the claimant's injuries (see Workers' Compensation Law § 28). A finding that a claim is untimely will be upheld if it comports with applicable law and is supported by substantial evidence (see Matter of Feliciano v

*New York City Health & Hosps. Corp.*, 65 AD3d 784, 785 [2009]; *Matter of Zucker v Port Auth. of N.Y. & N.J.*, 57 AD3d 1249, 1250-1251 [2008]; *Matter of Cagle v White Auto Parts*, 297 AD2d 897, 898 [2002]). Here, the Board dismissed this claim because it found that it was filed on November 27, 2006—or well outside the two-year statutory time period. However, this finding is at odds with record evidence before the Board indicating that the claim was filed prior to November 27, 2006. Specifically, the employer's C-7 form challenging the claim is dated August 17, 2006, or more than three months prior to when the Board's decision states that the claim was "filed." Moreover, claimant's C-3 form requesting workers' compensation benefits for these injuries is dated August 28, 2003—and contains a notation indicating that it had been "submitted" to "Debbie" on that date and sent by facsimile on September 10, 2003. Simply stated, the record before the Board does not support its finding as to when the claim was filed, and the matter must be remitted for further proceedings to determine the claim's actual filing date (*see generally Matter of Coursey v Applied Minds, Inc.*, 13 AD3d 865, 866 [2004]).

We do agree with the Board that Workers' Compensation Law article 8-A—and the exception it contains to the two-year filing requirement—does not apply to work performed by claimant at sites other than those specifically described in the statute. Claims filed outside the two-year statutory time period "shall not be disallowed" as untimely (Workers' Compensation Law § 168) if made by "[p]articipant[s] in World Trade Center rescue, recovery or cleanup operations" (Workers' Compensation Law § 161 [1]). However, the statute limits its application to claims generated by work actually performed "at the World Trade Center site[,] . . . the Fresh Kills Land Fill in New York city[,] . . . the New York city morgue or the temporary morgue on pier locations on the west side of Manhattan . . . or . . . on the barges between the west side of Manhattan and the Fresh Kills Land Fill in New York city" (Workers' Compensation Law § 161 [1]).[1] Claimant acknowledges that much of the work he performed in connection with the World Trade Center attacks took place in Brooklyn and Queens—and not at sites identified by the statute. However, he contends that the exception in the statute should nevertheless apply because the fire apparatuses he cleaned and repaired at those locations came from the World Trade Center site.

---

1. The World Trade Center site is defined to include "anywhere below a line starting from the Hudson River and Canal Street; east on Canal Street to Pike Street; south on Pike Street to the East River; and extending to the lower tip of Manhattan" (Workers' Compensation Law § 161 [2]).

"Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (*Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662, 665 [1988] [internal quotation marks and citation omitted]). Here, the statute, by its terms, limits its application to work performed at specific geographical locations. By describing these locations with such specificity, the Legislature clearly manifested an intention to limit the application of this exception to the two-year filing requirement to work actually performed at these sites (*see Matter of Williams v City of New York*, 66 AD3d 1203, 1206 n 4 [2009]).[2]

While claimant performed most of his work at locations not covered by the statute, he did testify to being on duty during part of the relevant time period at the World Trade Center site. Aside from simply noting that claimant had not been stationed at that location, the Board did not address in its decision whether the work performed by claimant at the World Trade Center site, if it contributed to his disability, qualified for the exception created by this statute. Since work performed at this location could qualify for coverage under the statutory exception, the matter must be remitted to the Board for further proceedings in regard to this particular issue.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as held that the claim was time-barred; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

_____

2. In that regard, we note that the Retirement and Social Security Law includes those "who . . . repaired, cleaned or rehabilitated vehicles . . . that were contaminated by debris in the World Trade Center site, . . . *regardless of whether the work . . . was performed within the World Trade Center site*" (Retirement and Social Security Law § 2 [36] [e] [v] [emphasis added]).