Matter of Chrostowski v Pinnacle Envtl. Corp. (2019 NY Slip Op 01285)





Matter of Chrostowski v Pinnacle Envtl. Corp.


2019 NY Slip Op 01285


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526979

[*1]In the Matter of the Claim of MICROSLAW CHROSTOWSKI, Appellant,
v
PINNACLE ENVIRONMENTAL CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Burke Conway & Dillon, White Plains (Stephane Martin of counsel), for Pinnacle Environmental Corporation and another, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed September 11, 2017, which ruled, among other things, that claimant's back claim was time-barred by Workers' Compensation Law § 28.
Claimant worked as an asbestos handler for the employer and was assigned to clean up dust and debris at the site of the World Trade Center (hereinafter WTC) following the September 11, 2001 terrorist attacks. He started working for the employer at the WTC site on September 12, 2001 and continued through December 24, 2001. In 2006, he began to develop respiratory, gastroesophageal and other problems that he did not experience prior to working at the WTC site and filed a WTC-12 form with the Workers' Compensation Board certifying that he was a participant in the WTC clean-up operation in anticipation of later filing a claim for workers' compensation benefits. In 2016, he filed such a claim listing various injuries and/or illnesses that he sustained due to his work at the WTC site, which was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that [*2]there was prima facie medical evidence with respect to claimant's asthma, gastroesophageal reflux disease, chronic rhinitis, chronic sinusitis, back and posttraumatic stress disorder and that December 24, 2001 was the last date of claimant's exposure. At the hearing that followed, counsel for the employer objected to the finding of prima facie medical evidence with respect to claimant's back. The WCLJ agreed, concluding that claimant's back injury was not a qualifying condition under Workers' Compensation Law article 8-A and was time-barred by Workers' Compensation Law § 28. Accordingly, the WCLJ, among other things, disallowed the claim insofar as it related to claimant's back. The Board upheld the WCLJ's decision, and this appeal by claimant ensued.
Claimant contends, among other things, that the Board erred in disallowing his back claim on the ground that it was not a qualifying condition under Workers' Compensation Law article 8-A. Initially, we note that Workers' Compensation Law article 8-A "is to be afforded a liberal construction [as it] was enacted to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the [WTC] September 11, 2001 attack" (Matter of Hazan v WTC Volunteer Fund, 120 AD3d 82, 84 [2014] [internal quotation marks and citations omitted]; see Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 995 [2015]; see also Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 161 at 71). Significantly, a claimant who has contracted a "qualifying condition," as defined in Workers' Compensation Law § 161 (3), is not subject to the requirement contained in Workers' Compensation Law § 28 that a claim be filed within two years of the date of the accident (see Workers' Compensation Law § 168; Matter of Rodgers v New York City Fire Dept., 80 AD3d 1091, 1092-1093 [2011]; see also Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1500 [2017], lv dismissed 30 NY3d 937 [2017]; Matter of Williams v City of New York, 89 AD3d 1182, 1182 [2011], lv denied 18 NY3d 807 [2012]).
Under Workers' Compensation Law article 8A, a "'[q]ualifying condition' means any of the . . . diseases or conditions [listed in Workers' Compensation Law § 161 (3) that] result[ed] from a hazardous exposure during participation in [WTC] rescue, recovery or clean-up operations" (Workers' Compensation Law § 161 [3]). Included among that statutory list are "[n]ew onset diseases resulting from exposure as such diseases occur in the future including cancer, chronic obstructive pulmonary disease, asbestos-related disease, heavy metal poisoning, musculoskeletal disease and chronic psychological disease" (Workers' Compensation Law § 161 [3] [e]). Claimant maintains that his back condition falls within the category of a musculoskeletal disease and is, thus, covered by the statute. The record discloses that claimant was diagnosed with various back ailments, including lumbosacral neuritis, degenerative joint disease (also known as osteoarthritis), lumbar spondylosis, sciatica and spinal stenosis. The orthopedist who conducted an independent medical examination of claimant summarized claimant's affliction as a lumbar spine repetitive use injury. Although musculoskeletal disease is not specifically defined in the statute, the nature of claimant's ailments as described in an authoritative medical dictionary bring them within the ambit of the general category of musculoskeletal disease (see Taber's Cyclopedic Medical Dictionary [19th ed 2001] at 1439 [neuritis], 1527 [osteoarthritis], 1932 [sciatica], 2034 [spondylosis], 2050 [spinal stenosis]).
Moreover, the record discloses that claimant began to experience back pain in 2001 after lifting heavy objects at the WTC site. Claimant testified that his work at the WTC site required him to fill bags with dust and remove them, sometimes 30 to 60 bags per day. He has a history of sciatica dating back to 2003 and 2005 for which he received spinal injections. He underwent an MRI in 2006 that revealed disc bulges and spinal stenosis. As time has progressed, claimant's [*3]back condition has worsened, resulted in diagnoses of the multiple ailments noted above and caused him to consider retirement. Notably, the orthopedist who conducted the independent medical examination opined that claimant's lumbar spine repetitive use injury is causally related to his work at the WTC site.[FN1]
In view of the foregoing, we find that claimant's back claim was a result of his hazardous exposure while working at the WTC site lifting and carrying bags of debris and constitutes a musculoskeletal disease within the meaning of Workers' Compensation Law § 161 (3) (e). The decisions in Employer: Pinnacle Envtl. Corp. (2015 WL 9435062, 2015 NY Wrk Comp LEXIS 11387 [WCB No. G001 5836, Dec. 22, 2015]) and Employer: Trio Asbestos Removal Corp. (2015 WL 3486257, 2015 NY Wrk Comp LEXIS 12825 [WCB No.0073 6393, May 29, 2015]), relied upon by the employer, are distinguishable insofar as the claimants in those cases were injured as the result of incidents that were independent of a hazardous exposure while working at the WTC site. Therefore, given that claimant's back claim falls within the provisions of Workers' Compensation Law article 8-A, it is not time-barred by Workers' Compensation Law § 28 and should not have been disallowed. In view of our disposition, we need not address claimant's remaining contentions.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is modified, on the law, without costs, by reversing so much thereof as disallowed claimant's back claim; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: In addition, in the medical narrative completed by claimant's treating physician, he indicated that claimant's many diagnoses, including those related to his respiratory and gastroesophageal problems, were attributable to his work at the WTC site.