Matter of Fierro-Switzer v World Trade Ctr. Volunteer Fund (2022 NY Slip Op 04334)

Matter of Fierro-Switzer v World Trade Ctr. Volunteer Fund

2022 NY Slip Op 04334

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

532851
[*1]In the Matter of the Claim of Maria Fierro-Switzer, Appellant,
v
World Trade Center Volunteer Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael K. Gruber of counsel), for appellant.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed August 18, 2020, which, among other things, disallowed claimant's claim for workers' compensation death benefits.
Claimant's spouse (hereinafter decedent) was a member of the New York City Fire Department who, following an on-the-job injury, retired from the department on a disability pension in the late 1990s. Decedent died in March 2018. In July 2018, claimant filed a claim for death benefits asserting that decedent died from metastatic kidney cancer that, in turn, was caused by his exposure to toxins while volunteering and aiding in the rescue and recovery efforts at Ground Zero in the wake of the September 2001 terrorist attacks. Specifically, claimant alleged that decedent, who had ceased working as a firefighter approximately three years earlier, volunteered at the World Trade Center site for 99 hours over the course of five days in September 2001. Additionally, claimant provided a letter from a physician who opined, based upon his review of decedent's medical records, that decedent's volunteer efforts "increased his risk for the development of his renal cell carcinoma" — ultimately resulting in decedent's death.
Following various proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that, because decedent's alleged exposure to toxic chemicals resulted from his volunteer work, any resulting claim necessarily fell within the purview of Workers' Compensation Law article 8-A. Absent decedent's completion of the required WTC-12 registration form during his lifetime, the WCLJ reasoned, claimant's subsequent claim for death benefits could not stand. Upon administrative review, claimant conceded that Workers' Compensation Law article 8-A did not apply to her claim for death benefits but, noting that such claim was independent of any claim that decedent may have had under article 8-A, nonetheless argued that decedent's failure to comply with the registration provisions thereof should not preclude her separate claim for death benefits under Workers' Compensation Law § 16. The Workers' Compensation Board affirmed the WCLJ's decision, and this appeal by claimant ensued.
We affirm. As a general proposition, absent some evidence of an employment relationship, one who acts or renders aid strictly as a volunteer is not entitled to workers' compensation benefits (see Matter of Mauro v American Red Cross, 176 AD3d 1298, 1299 [2019]; Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept., 54 AD2d 996, 996 [1976], affd 42 NY2d 1026 [1977]). However, Workers' Compensation Law article 8-A, which "was enacted to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the . . . [terrorist] attack[s]" (Matter of Murphy v New York State Cts., 201 AD3d 1072, 1072 n [2022] [internal quotation marks and citations [*2]omitted]), effectively broadened the category of eligible benefit recipients by "provid[ing] a potential avenue of relief for workers and volunteers suffering ill health as a result of their efforts in the aftermath of the terrorists' attacks" (Matter of Williams v City of New York, 66 AD3d 1203, 1204-1205 [2009]; see Workers' Compensation Law §§ 161 [1] [b] [including a volunteer in the definition of a participant in the rescue, recovery or cleanup operations]; 167 [designating the uninsured employers' fund as the entity responsible for administering claims by volunteers]). In order for a participant's claim to fall within the purview of Workers' Compensation Law article 8-A, "such participant must file a written and sworn statement with the [B]oard on a form promulgated by the chair[, i.e., the WTC-12 registration form,] indicating the dates and locations of such participation and the name of such participant's employer during the period of participation" (Workers' Compensation Law § 162 [emphasis added]). The Board has consistently held that the required registration form must be filed by the actual participant and not such participant's surviving spouse (see Employer: Verizon, 2016 WL 5108730, *2, 2016 NY Wrk Comp LEXIS 16547, *4-5 [WCB No. G129 4804, Sept. 9, 2016]; Employer: New York State Police, 2016 WL 1070140, *3, 2016 NY Wrk Comp LEXIS 2113, *8 [WCB No. G120 1189, Mar. 10, 2016]).
It is undisputed that decedent did not file the required WTC-12 registration form in his lifetime, claimant does not argue that her attempt to file such form on decedent's behalf (following his death) was effective and the Board has made clear that, absent the proper filing of such form, there is no basis for a claim under Workers' Compensation Law article 8-A (see Employer: Verizon, 2016 WL 5108730 at *2, 2016 NY Wrk Comp LEXIS 16547 at *5; Employer: New York State Police, 2016 WL 1070140 at *3, 2016 NY Wrk Comp LEXIS 2113 at *9). Against that backdrop, claimant maintains at this Court — as she did before the Board upon review — that Workers' Compensation Law article 8-A does not apply to her claim for death benefits. Rather, noting that "a claim for death benefits by an employee's survivors is entirely separate from the employee's claim for compensation benefits" (Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d 387, 397 [2021] [internal quotation marks, emphasis and citation omitted]; see Matter of Connolly v Consolidated Edison, 124 AD3d 1167, 1169 [2015]), claimant contends that she is entitled to death benefits under Workers' Compensation Law § 16 — subject only to the timely filing requirements of Workers' Compensation Law § 28.
The flaw in claimant's argument is that there still must be a basis for the claim and an entity upon which liability may be imposed (see Workers' Compensation Law § 10). Stated differently, the fact that claimant's death benefits claim is independent of any compensation claim that decedent may have had [*3]during his lifetime does not obviate the need for there to be a legal basis for claimant's claim in the first instance. In this regard, decedent's alleged exposure to toxins at Ground Zero, which, in turn, purportedly caused his ultimate demise, did not occur in the context of his employment as a firefighter (see generally Workers' Compensation Law §§ 10, 16). Indeed, decedent had no employer at the time of his alleged exposure. Decedent participated in the rescue, recovery and cleanup operations at Ground Zero in his capacity as a volunteer (compare Employer: New York State Courts, 2022 WL 617747, *1-3, 2022 NY Wrk Comp LEXIS 6, *2 [WCB No. G233 1509, Feb. 28, 2022]; Employer: Verizon, 2016 WL 5108730 at *2, 2016 NY Wrk Comp LEXIS 16547 at *5-6). Accordingly, as decedent was a volunteer at the time of his participation in the cleanup efforts following the September 11, 2001 terrorist attacks, no claim for death benefits inured under Workers' Compensation Law § 16 (see Workers' Compensation Law §§ 16 [authorizing death benefits where the "injury causes death"], 2 [7] [defining "(i)njury" as "accidental injuries arising out of and in the course of employment" (emphasis added)]; [8] [defining "(d)eath when mentioned as a basis for the right to compensation" as "only death resulting from such injury" (emphasis added)]; see generally Matter of Mauro v American Red Cross, 176 AD3d at 1299; Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept., 54 AD2d at 996).
Decedent's sole potential avenue of recovery — had the required WTC-12 form been timely filed — would have been in the context of Workers' Compensation Law article 8-A. Claimant argues that nothing on the face of Workers' Compensation Law article 8-A precludes the filing of a death claim. Regardless of whether claimant is correct in this respect — which we do not decide on this appeal (see Matter of Murphy v New York State Cts., 201 AD3d at 1072 n) — no such claim would lie under Workers' Compensation Law article 8-A in any event insofar as decedent did not file the required registration forms during his lifetime (see Workers' Compensation Law §§ 162 ["In order for the claim of a participant in World Trade Center rescue, recovery and clean-up operations to come within the application of this article, such participant must file a written and sworn statement with the (B)oard on a form promulgated by the chair indicating the dates and locations of such participation and the name of such participant's employer during the period of participation"]; 161 [1] [i] [defining such a participant as an employee or volunteer who "participated in the rescue, recovery, or cleanup operations at the World Trade Center site," subject to certain conditions]). Claimant's remaining contentions, including her equal protection argument, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without [*4]costs.