Matter of Garcia v WTC Volunteer (2022 NY Slip Op 07110)

Matter of Garcia v WTC Volunteer

2022 NY Slip Op 07110

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

533993
[*1]In the Matter of the Claim of Francisca Garcia, Appellant,
v
WTC Volunteer, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 10, 2021, which ruled, among other things, that claimant's death benefits claim was untimely under Workers' Compensation Law § 28.
Claimant's spouse, Miguel Garcia (hereinafter decedent), participated as a volunteer at the World Trade Center in the aftermath of September 11, 2001. Decedent's ensuing claim for workers' compensation benefits pursuant to Workers' Compensation Law article 8-A was established for posttraumatic stress disorder, depression, asthma, gastroesophageal reflux disease and obstructive sleep apnea.
Decedent died on July 15, 2016. On February 21, 2020, claimant filed a claim for workers' compensation death benefits, asserting that decedent had died as a consequence of the medical conditions established in his workers' compensation claim. The Uninsured Employers' Fund objected upon the grounds that the provisions of Workers' Compensation Law article 8-A did not apply to a claim for death benefits and that the claim, having been filed over two years after decedent's death, was barred by Workers' Compensation Law § 28. A Workers' Compensation Law Judge ruled that Workers' Compensation Law § 28 was inapplicable and found prima facie medical evidence for the claim to proceed. Upon administrative appeal, the Workers' Compensation Board reversed and disallowed the claim. Claimant appeals.
We affirm. Claimant contends that her claim for death benefits falls under Workers' Compensation Law article 8-A and that the time limitation imposed by Workers' Compensation Law § 28 is therefore inapplicable.[FN1] By way of explanation, Workers' Compensation Law § 28 provides that, as a general rule, "[t]he right to claim compensation under this chapter shall be barred
. . . unless within two years after the accident, or if death results therefrom within two years after such death," a claim for benefits is filed. An exception applies to claims within the purview of Workers' Compensation Law article 8—A, which was "enacted 'to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the World Trade Center September 11th, 2001 attack'" (Matter of Williams v City of New York, 66 AD3d 1203, 1204 [3d Dept 2009], quoting Senate Mem in Support, 2006 McKinney's Session Laws of NY at 1915; see Matter of Bodisch v New York State Police, 195 AD3d 1274, 1276 [3d Dept 2021]; Matter of Chrostowski v Pinnacle Envtl. Corp., 169 AD3d 1217, 1220 [3d Dept 2019]). Workers' Compensation Law § 168 carves out that exception, providing that "[a] claim by a participant in the World Trade Center rescue, recovery or cleanup operations whose disablement occurred" within certain time frames will not be disallowed if filed by a set date, even though that date lies beyond the two-year limit set by Workers' Compensation Law § 28 (see Matter of Rodgers v New York City Fire Dept[*2]., 80 AD3d 1091, 1093 [3d Dept 2011]).[FN2]
A "[p]articipant in World Trade Center rescue, recovery or cleanup operations" is, in turn, defined as "any (a) employee who within the course of employment, or (b) volunteer" who "participated in the rescue, recovery, or cleanup operations at the World Trade Center site," worked at the Fresh Kills Land Fill, or worked at specified morgue or barge sites between September 11, 2001 and September 12, 2002 (Workers' Compensation Law § 161 [1]; see Matter of Rodgers v New York City Fire Dept., 80 AD3d at 1093). As we have previously held, "[b]y describing these locations with such specificity, the Legislature clearly manifested an intention to limit the application of this exception to the two-year filing requirement to work actually performed at these sites" (Matter of Rodgers v New York City Fire Dept., 80 AD3d at 1094). In view of that clear intent, and given that decedent, not claimant, was a participant within the meaning of Workers' Compensation Law § 161, it was decedent who was entitled to file a claim for benefits outside of the period allowed by Workers' Compensation Law § 28. Claimant cannot piggyback upon that entitlement, as her claim for death benefits "accrue[d] at the time of [decedent's] death and 'is a separate and distinct legal proceeding' from [decedent's] original disability claim" (Matter of Verneau v Consolidated Edison Co. of N.Y., Inc., 37 NY3d 387, 392 [2021], quoting Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; see Matter of Fierro-Switzer v World Trade Ctr. Volunteer Fund, 207 AD3d 827, 829 [3d Dept 2022]). The language of the foregoing statutory provisions, in short, clearly reflects that claimant cannot avail herself of the exception to the two-year filing requirement created by Workers' Compensation Law § 168.
Workers' Compensation Law § 163, which sets "notice requirements for injury or death resulting from a qualifying condition for a participant in World Trade Center rescue, recovery and clean-up operations," does not require a different conclusion. Workers' Compensation Law § 163 imposes notice requirements in Workers' Compensation Law article 8-A claims that are "the same as set forth in" Workers' Compensation Law § 18 — a statute requiring that notice of an employee's injury and death be given to his or her employer — with modifications to, among other things, account for the fact that a volunteer as well as an employee could be a participant eligible to file such a claim. We are obliged to construe Workers' Compensation Law article 8-A "in a manner that harmonizes" the reference to "injury or death" in Workers' Compensation Law § 163 with the otherwise clear language in Workers' Compensation Law article 8-A that a claim for death benefits by a nonparticipant is not encompassed by its terms (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 63 [2013]). We may easily do so, as the use of the word "death" need [*3]only reflect that "[a]n award for disability may be made after the death of" a participant and that, as with Workers' Compensation Law § 18, notice of that death must also be given (Matter of Hughes v Trustees of St. Patrick's Cathedral, 245 NY 201, 203 [1927]; see Workers' Compensation Law §§ 10, 33; Matter of Whitmyre v International Bus. Machs. Corp., 267 NY 28, 29-30 [1935]). Thus, as "the general[ly] accepted meaning of [the statutory] terms" supports the Board's conclusion that the exception to the time limits set forth in Workers' Compensation Law § 28 did not apply to claimant's death benefits claim, the disallowance of that claim will be upheld (Matter of Williams v City of New York, 66 AD3d at 1206; accord Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 995 [3d Dept 2015]).
Aarons, Pritzker and McShan, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. As noted by the majority, Workers' Compensation Law article 8-A was designed to remove statutory obstacles to the timely filing and notice of claims arising from exposure to hazardous materials at the World Trade Center site (see Matter of Williams v City of New York, 66 AD3d 1203, 1204 [3d Dept 2009]). To that end, Workers' Compensation Law § 168 has repeatedly been amended to allow the filing of claims for disablement of a participant through September 11, 2021, provided the claim is filed by September 11, 2026 (see Workers' Compensation Law § 168 [5]; L 2022, ch 561, § 5). Here, the Workers' Compensation Board rejected claimant's claim for death benefits on a twofold basis: first, that article 8-A does not provide for death benefits, and second, that the claim was untimely under Workers' Compensation Law § 28. As the majority observes, this Court has yet to squarely address whether article 8-A provides for death benefits (see Matter of Fierro-Switzer v World Trade Ctr. Volunteer Fund, 207 AD3d 827, 829-830 [3d Dept 2022]; Matter of Murphy v New York State Cts., 201 AD3d 1072, 1072 n [3d Dept 2022]). Inasmuch as claimant's spouse was a registered participant with an established claim for benefits under article 8-A, both grounds underlying the Board's determination must be addressed.
Pertinent here, Workers' Compensation Law § 163 begins as follows: "The notice requirements for injury or death resulting from a qualifying condition for a participant . . ." (emphasis added). A "[q]ualifying condition" refers to specific diseases or conditions caused by a hazardous exposure during the rescue, recovery or clean-up operations at the World Trade Center site (Workers' Compensation Law § 161 [3]). As history has demonstrated, these latent diseases or conditions often develop over extended periods of time. The emphasized phrase speaks to the situation where a participant suffers a qualifying disease or condition that eventually causes the participant's death. Upon such an event, notice of the resulting death must be provided as set forth in Workers' Compensation Law [*4]§ 18, "except that the notice shall be given . . . after the participant knew or should have known that the qualifying condition was causally related" to participation at the World Trade Center site (Workers' Compensation Law § 163). Logically construed, in the event of the participant's death, notice would have to be provided by, as here, the participant's spouse.
This statutory notice process confirms that Workers' Compensation Law article 8-A extends to claims for death benefits, where the death was causally related to the participant's qualifying condition. The issue that remains is whether claimant timely filed her claim, i.e., "within two years" of when she knew or should have known that decedent's death "result[ed] from a qualifying condition" (Workers' Compensation Law § 163). The matter should be remitted to the Board for further proceedings to resolve that question. Claimant bears the burden of establishing causation through competent medical evidence (see Matter of Murphy v New York State Cts., 201 AD3d at 1073).
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although we have previously determined appeals involving both Workers' Compensation Law article 8-A and claims for death benefits, we have not had occasion to decide whether the former applies to the latter (see e.g. Matter of Fierro-Switzer v World Trade Ctr. Volunteer Fund, 207 AD3d 827, 829-830 [3d Dept 2022]; Matter of Murphy v New York State Cts., 201 AD3d 1072, 1072 n [3d Dept 2022] [applicability of article 8-A "undisputed" by the parties]).

Footnote 2: The Legislature has repeatedly amended Workers' Compensation Law § 168 to ensure that participants who become disabled at later dates can seek workers' compensation benefits without fear of running afoul of the time restrictions of Workers' Compensation Law § 28 (see e.g. Workers' Compensation Law § 168 [5], as added by L 2022, ch 561, § 3).