Matter of Garcia v WTC Volunteer (2025 NY Slip Op 06360)

Matter of Garcia v WTC Volunteer

2025 NY Slip Op 06360

Decided on November 20, 2025

Court of Appeals

Garcia, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2025

No. 93 

[*1]Francisca Garcia, Appellant,
v
WTC Volunteer, Respondent. Workers' Compensation Board, Respondent.

Samir Deger-Sen, for appellant. 
Patrick A. Woods, for respondent Workers' Compensation Board.

GARCIA, J.

:
In the wake of the terrorist attacks on September 11, 2001, the legislature enacted Article 8-A of the Workers' Compensation Law, designed to ensure that both employees and volunteers who participated in rescue, recovery, and cleanup operations at the World Trade Center and other statutorily enumerated sites could recover for health conditions resulting from exposure to hazardous material. At issue here is a claim for death benefits filed by the spouse of a volunteer who received lifetime benefits based on multiple medical conditions he contracted from working at a designated site. While the statute provides benefits to both employees and volunteers and has ensured that many who served in those vital response efforts received financial compensation, we hold today that the relevant statutory provision that provides an extension of time for the filing of certain claims, Workers' Compensation Law § 168, applies only to a claim by a statutorily defined "participant" in the recovery efforts. As a result, we need not determine whether death benefits for volunteers are otherwise available under Article 8-A because the claim here, filed by claimant more than two years after the death of her husband, is in any event barred by Workers' Compensation Law § 28.
The Workers' Compensation Law requires employers to provide compensation to employees for injuries "arising out of and in the course of" their employment (Workers' Compensation Law § 10 [1]). Workers' [*2]Compensation Law § 15 sets up a schedule of compensation for benefits "during the continuance" of the resulting disability, and Workers' Compensation Law § 16 provides for the award of a "death benefit" to an employee's survivors "[i]f the injury causes death." A two-year statute of limitations is set out in Workers' Compensation Law § 28, titled "Limitation of right to compensation," providing that "[t]he right to claim compensation under this chapter shall be barred . . . unless within two years after the accident" or "disablement" or "if death results therefrom within two years after such death" and, for certain occupational diseases, "after the claimant knew or should have known that the disease is or was due to the nature of the employment."
Article 8-A was enacted in 2006 to "overcome obstacles of filing claims by participants in World Trade Center rescue, recovery and clean-up operations following the September 11, 2001 attacks for latent conditions and illnesses" (Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 446 at 3). In addition, it sought to address "specific issues regarding claims of those who participated as employees and those that participated as volunteers" (id.). Without legislative action, volunteers had no way to recover benefits under the Workers' Compensation Law. To bring those volunteers within the scope of the Workers' Compensation Law, the statute defines "participant" as "any (a) employee who within the course of employment, or (b) volunteer upon presentation to the board of evidence satisfactory to the board that he or she" participated in rescue, recovery, or cleanup operations at a list of statutorily enumerated sites in the year following the attacks.
Participants must register with the Board to obtain benefits (see Workers' Compensation Law § 162 ["In order for the claim of a participant in World Trade Center rescue, recovery and clean-up operations to come within the application of this article, such participant must file a written and sworn statement with the board . . . indicating the dates and locations of such participation and the name of such participant's employer during the period of participation"]). A separate section provides that "for injury or death resulting from a qualifying condition for a participant," the notice requirements are the same as that in Workers' Compensation Law § 18, which requires notice within 30 days, "except that the notice shall be given . . . within two years after the disablement of the participant or after the participant knew or should have known that the qualifying condition was causally related to his or her participation in World Trade Center rescue, recovery and clean-up operations" (Workers' Compensation Law § 163). For volunteers, the uninsured employers' fund serves as the employer for purpose of administering and paying workers' compensation claims (see Workers' Compensation Law § 167). In essence, Article 8-A provides a mechanism for both employees and volunteers injured as a result of the 9/11 recovery efforts to obtain benefits, both through new substantive provisions in that article and by cross-referencing and adjusting the procedures found in other sections of the Workers' Compensation Law related to notice and filing claims.
The legislature has amended Article 8-A frequently since its enactment (see e.g. L 2008, ch 489, § 18; L 2013, ch 489, § 11 [extensions of the registration deadline]; L 2013, ch 489, § 10 [limitation of coverage to specifically enumerated conditions]; L 2022, ch 559, § 1 [addition of Workers' Compensation Law § 169 requiring Workers' Compensation Board to accept federal certifications as presumptive evidence of causation "for conditions of impairment of health or death pursuant to a qualifying condition"]). As relevant here, in 2008, the legislature added Workers' Compensation Law § 168, titled "Additional period for filing certain claims," which provides that "[a] claim by a participant in the World Trade Center rescue, recovery or cleanup operations whose disablement occurred" during a certain time frame "shall not be disallowed as barred by" Workers' Compensation Law § 18 or § 28 if filed by a set deadline depending on when the "disablement occurred" (see L 2008, ch 489, § 20; Workers' Compensation Law § 168 [1]). Those time frames have been extended several times, most recently to permit claims by those whose "disablement occurred between" September 11, 2017 and September 11, 2021 if filed by September 11, 2026 (id. § 168 [2]-[5]).

Decedent had an established claim for lifetime benefits for multiple medical conditions he contracted through exposure to toxins while volunteering with the American Red Cross in the September 11 recovery efforts. He died in July 2016, and in February 2020, claimant filed a claim for death benefits with the Workers' Compensation Board (WCB). Although a Workers' Compensation Law Judge initially granted claimant a death benefits award, the WCB disallowed that award following an administrative review requested by the Uninsured Employers' Fund. The WCB reasoned that the claim was "untimely on its face" and that "the claimant in the death claim must comply with WCL 28." The WCB also rejected claimant's assertion "that WCL 28 does not apply to Article 8-A claims" and concluded that "the Board Panel is constrained . . . to find that Article 8-A does not apply to this death [*3]claim." Finally, the WCB rejected claimant's argument that "disallowance of the claim is premature" because "this is not an occupational disease claim," and concluded that because "the claim was not filed within two years of the decedent's death, the claim is disallowed pursuant to WCL 28."
The Appellate Division affirmed the Board's decision, rejecting the argument that Workers' Compensation Law § 168 extends the time for asserting death benefits claims beyond the two-year statute of limitations in Workers' Compensation Law § 28 (211 AD3d 1264 [3d Dept 2022]). The Court reasoned that Article 8-A's definition of "participant," that is, a volunteer or employee who "participated in the rescue, recovery, or cleanup operations at the World Trade Center site," among other locations, is limited such that "decedent, not claimant, was a participant within the meaning of" article 8-A and so "it was decedent who was entitled to file a claim for benefits outside of the period allowed by Workers' Compensation Law § 28" (id. at 1266). Explaining that "[c]laimant cannot piggyback upon that entitlement, as her claim for death benefits accrued at the time of decedent's death and is a separate and distinct legal proceeding from decedent's original disability claim," the Court concluded that "[t]he language of the . . . statutory provisions . . . clearly reflects that claimant cannot avail herself of the exception to the two-year filing requirement created by Workers' Compensation Law § 168" (id. at 1267-1268 [internal quotation marks, alterations, and citation omitted]). The dissenting judge would have remitted to the Board for further proceedings to resolve "whether claimant timely filed her claim, i.e., 'within two years' of when she knew or should have known that decedent's death 'resulted from a qualifying condition,' " based on a sentence in Workers' Compensation Law § 163, which discusses notice requirements "for injury or death resulting from a qualifying condition for a participant" (id. at 1268-1269 [Lynch, J., dissenting] [internal citations and alterations omitted]). This Court granted claimant's motion for leave to appeal (42 NY3d 905 [2024]), and we now affirm.
Before this Court and at the Appellate Division, claimant did not challenge the WCB's determination that "this is not an occupational disease." Nor has claimant challenged the determination that, if no extensions are available and Workers' Compensation Law § 28 applies, the claim is untimely. Instead, claimant focused her argument on whether Article 8-A applies to death benefits claims, while asserting that "Section 168 provides that for participants whose disablement occurred in 2016—the year of [decedent's] death—a claim must be filed on or before September 11, 2022."
We agree with the Appellate Division that, by its plain language, Workers' Compensation Law § 168 does not apply to claims brought by anyone other than the statutorily defined participant. Accordingly, because the death claim here is in any event untimely, we do not reach the question of whether Article 8-A otherwise permits claims for death benefits in affirming the Appellate Division's order.
The statute explicitly refers to "[a] claim by a participant," permits such participant's claim to be filed within the enumerated extended time period, and again repeats "[a]ny such participant" when stating that certain previously denied claims "shall be reconsidered by the board" (Workers' Compensation Law § 168). The phrase "claim by a participant" does not encompass claims by the surviving beneficiaries of those individuals. This is made clearer by comparison with the language in Workers' Compensation Law § 18, which expressly provides that notice may be given by "any person claiming to be entitled to compensation or some one in his behalf" and can be "signed by [the employee] or by a person on his behalf or, in case of death, by any one or more of his dependents, or by a person, on their behalf." Likewise, Workers' Compensation Law § 28 refers to "the claimant" and references payments "to an employee or his dependents in case of death." Workers' Compensation Law § 168's use of the phrase "[a] claim by a participant" must therefore be understood to mean that only a claim brought by a participant, and not by the survivors or beneficiaries of a participant, may benefit from the extended time limits of Workers' Compensation Law § 168. As the Appellate Division reasoned, "it was decedent who was entitled to file a claim for benefits outside of the period allowed by Workers' Compensation Law § 28" (211 AD3d at 1266).
No other provision provides claimant with relief from the requirement that claims be filed within the two-year limitations period. The dissent below relied exclusively on Workers' Compensation Law § 163, and would have remitted the matter to the WCB to determine "whether claimant timely filed her [*4]claim, i.e., 'within two years' of when she knew or should have known that decedent's death resulted from a qualifying condition' " (211 AD3d at 1268-1269, quoting Workers' Compensation Law § 163). But Workers' Compensation Law § 163 provides no more than an extension of time for notice, and cross-references only the notice requirements in Workers' Compensation Law § 18. Workers' Compensation Law § 168, on the other hand, cross-references both Workers' Compensation Law §§ 18 and 28, such that for those participants to whom section 168 does apply, compliance with both of those sections is excused when filing claims for lifetime benefits.
Our interpretation is in keeping with the statute's purpose. The legislative history demonstrates a concern that many individuals who worked at these sites would be barred from recovering because of the latency of the relevant illnesses. The Senate Introducer's Memorandum in Support of the original 2006 bill explained that "[i]n the case of participants in World Trade Center rescue, recovery, and cleanup operations, little is known about what diseases and conditions might develop later on based on their exposure to uniquely hazardous conditions" (Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 446 at 4). A letter in support of the 2018 amendments to Article 8-A explained that "[m]any symptoms of those illnesses are only now starting to manifest themselves" (Letter from Mario Cilento, Bill Jacket, L 2018, ch 266 at 11). Based on these concerns, the statute gives explicit extensions of time to both employees and volunteers who may begin to manifest these illnesses well outside the limitations period of Workers' Compensation Law § 28. For the survivors of these individuals, where the claim is being made that exposure during rescue and recovery efforts caused the death of the participant, such concerns about latency and delay in the manifestation of the disease have far less force as a rationale for extending the limitations period beyond that provided in Workers' Compensation Law § 28.

rticle 8-A represented an unprecedented expansion of Workers' Compensation benefits to ensure financial recovery for volunteers not otherwise eligible for compensation, "permit[ing] the payment of volunteer claims . . . [and] allowing volunteers that participated in rescue, recover and clean-up efforts at the site of the terrorist attacks to be compensated for injury and illnesses" (Budget Report, Bill Jacket, L 2006, ch 446 at 7; see also Introducer's Mem at 3, 5). As the WCB noted in supporting the passage of the original bill, its language "would permit the award of benefits to a group of workers and volunteers whose efforts in the wake of the events of September 11, 2001 are a credit to all New Yorkers" (id. at 11).
But the WCB may only award the recovery of benefits in a manner authorized by the statute, and this Court must interpret the statute according to its plain language. In its current form, nothing in Article 8-A excuses the untimely filing of the claim here, made well outside the limitations period in Workers' Compensation Law § 28, regardless of whether such a claim is generally authorized by the statute. As always, the legislature is free to again amend the statute (see Matter of Schulze v City of Newburgh Fire Dept., 44 NY3d 45, 56 n 6 [2025] [challenged statutory provision "is the remedy the legislature has created" and "(i)t is for the legislature to determine whether it is adequate"]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs. Opinion by Judge Garcia. Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.
Decided November 20, 2025